[L. A. No. 5583. In Bank.—June 3, 1921.]

# ANNIE P. WILLIAMS, Respondent, v. BULLOCK TRACTOR COMPANY (a Corporation), Appellant.

[1] SALES—RECOVERY OF PRICE OF TRACTOR—PLEADING—WRITTEN CONTRACT AND WARRANTY—DEFICIENCY SUPPLIED BY ANSWER.— In an action to recover money paid on a contract of purchase of a farm tractor, the failure of the complaint to refer to the fact that a written agreement of sale was entered into accompanied by a written guaranty was immaterial, where the answer set out in full the contract and warranty.

[2] ID.—CONTRACT—EXCLUSION OF IMPLIED WARRANTIES—ORAL REPRESENTATIONS—IMMATERIAL AVERMENTS.—Where a written agreement and warranty for the sale of a farm tractor excluded all implied warranties, such agreement was the measure of the seller's liability as to the quality and utility of the tractor, and averments of the complaint, in an action to recover payments on the purchase price, as to oral statements and general advertising representations on the part of the seller's agents upon which plaintiff relied were irrelevant and immaterial matter.

[3] ID.—FAILURE OF TRACTOR—LACK OF SUITABLE MATERIAL AND DURABILITY—IMPLICATION FROM OTHER AVERMENTS.—In this action to recover money paid on account of the purchase price of a farm tractor for breach of certain warranties and conditions, although there was no direct allegation that the tractor failed for lack of suitable material and durability, the averments as to its numerous defects and weaknesses sufficiently implied such failure.

[4] APPEAL—INSUFFICIENCY OF EVIDENCE—SPECIFICATIONS.—An appellant is not in a position to object to the sufficiency of the evidence to support the findings, where the bill of exceptions contains no specifications of insufficiency nor any assignment of errors or exceptions reserved.

[5] ID.—ASSIGNMENT OF ERRORS OCCURRING DURING TRIAL—INSUFFICIENCY TO JUSTIFY REVIEW OF EVIDENCE.—An appellant is not entitled to a review of the evidence under an assignment of errors of law occurring at the trial, where several motions were made and overruled at the close of the trial to strike out portions of the testimony and insufficiency of such portions was alleged, but no objection of general insufficiency was contained in the motions.

[6] ID.—NOTICE OF UNSATISFACTORY OPERATION OF TRACTOR—WAIVER OF CONTRACT' PROVISION.—Literal compliance with the requirements of a contract for the sale of a farm tractor that the buyer should give the seller immediate notice if the tractor failed to

work upon three days' trial, and thereafter immediately return the machine, if the seller's agent could not within a reasonable time remedy the defects, was waived, where delivery of the tractor was at no time actually made or accepted, but such agents undertook personally to deliver and put the tractor in operation but were unsuccessful in their efforts.

[7] ID.—RECOVERY OF PRICE—EVIDENCE—RESULT OF INSPECTION SEVERAL MONTHS AFTER ATTEMPTED OPERATION.—In an action to recover money paid on account of the purchase price of a farm tractor, testimony of witnesses who inspected the tractor long after the attempt to operate it and after the rescission by the plaintiff, to the effect that on such inspection they discovered nothing wrong with it, was inadmissible in the absence of a showing that the tractor remained in the same condition as when it was previously tried out, since it was the duty of the seller under the contract to make the machine work satisfactorily upon demand within a reasonable time, and such evidence was immaterial to the buyer's right to recovery.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Bicksler, Smith & Parke for Appellant.

George H. Moore for Respondent.

SLOANE, J.—This appeal is taken from a judgment for plaintiff to recover from defendant $1,280, with interest and costs, on account of money paid by plaintiff to defendant on a contract of purchase of a gasoline farm tractor, which contract was rescinded by plaintiff for failure of certain conditions and warranties of the contract.

The action was tried on an amended complaint and answer thereto. The amended complaint sets forth in general terms the agreement of the plaintiff to buy and of the defendant to sell a certain tractor, known as a "16–10 H. P. creeping grip gasoline tractor, complete, at and for the sum of $1,156.25," and that the plaintiff then and there on or about January 26, 1916, paid to said defendant said sum of $1,156.25 for said tractor. It is further alleged that the defendant thereafter on or about the fourth day of February, 1916, delivered the tractor at plaintiff's ranch, near Victorville, in the county of San Bernardino, California, and then and there

for a period of about three days attempted to operate said tractor on plaintiff's said ranch. That the attempt to make the tractor work failed because of structural defects, breakage of parts, excessive heating of engine, faulty adjustment of the machinery, etc.

That during all the times while said defendant, through its agents and servants, was operating and in charge and control of said tractor, it represented to plaintiff and assured plaintiff that said tractor would operate satisfactorily when the same was properly adjusted and when certain new parts were added thereto.

That the defendant then left the tractor with plaintiff with the representation that it would work satisfactorily on the replacement of certain minor parts which were to be supplied by defendant and sent to the ranch.

That the tractor was left by defendant in the field at plaintiff's ranch in charge of plaintiff's mechanics.

That thereafter plaintiff attempted to operate said tractor but was unable to make it work, and on February 10th again notified defendant of such fact, and defendant thereupon sent to plaintiff at her ranch certain parts for the engine and a new carburetor, representing that with such new parts the tractor would work satisfactorily.

That plaintiff thereupon made further attempts to operate the tractor with the result that the engine became overheated, the parts broken and out of adjustment, although carefully and competently managed and controlled by plaintiff's mechanic.

That complaint was again made to defendant, who, on or about March 13, 1916, sent a mechanic to the ranch to adjust, repair, and overhaul the tractor, and that said mechanic worked about eight hours on March 13th, and again on March 14th, in an attempt to put the tractor in working order, but was unable to do so, and said mechanic left said tractor at plaintiff's ranch and the same has not been moved and could not be moved or operated since; "that at the time defendant's said mechanic worked on said tractor said mechanic found that the engine was worn and could not be made to operate without being entirely overhauled and partially rebuilt; that other bearings on said tractor were entirely worn out; that the oil feeders were broken; that the piston rings were entirely worn out and the cylinders were worn; that the

gear wheels were not true; that the brake was broken; that certain oil cups were omitted; that the piston bearings on the crank shaft were worn; that the cam on the exhaust arms was out of adjustment, and numerous other defects existed on said tractor; that said mechanic was unable to repair said tractor or make it operate''; and at all times and up to the commencement of this action said defendant has failed and refused to attempt to repair, overhaul, or adjust said tractor, and plaintiff alleges that said tractor cannot be repaired, overhauled, or adjusted or made to operate or run for any considerable period of time or at all, and cannot be made to do the work represented by defendant to the plaintiff as aforesaid, or to do the work for which it was manufactured by the defendant.

That the consideration for the said sum of $1,156.25, paid by the plaintiff to the defendant, has wholly failed.

That on or about the eighth day of April, 1916, the plaintiff served notice of rescission, notified defendant that the tractor was at plaintiff's ranch, where left by defendant's mechanic, subject to the order and control of defendant, and demanded the return and payment to plaintiff of said sum of $1,156.25, and that no part of said sum has been repaid.

There was a second count in the complaint to recover the sum of $1,156.25 as money had and received by the defendant to and for the use of the plaintiff.

The court on the trial found the facts for the plaintiff as above stated substantially as alleged in the complaint and gave judgment for plaintiff for the amount named, from which judgment the defendant appeals.

In stating the issues presented by the complaint there has thus far been no reference to terms of contract or conditions of sale upon the breach of which plaintiff's right of rescission may rest.

The facts pleaded in the complaint in this regard were certain representations by defendant's agents, made orally and by printed advertising matter, relating to the qualities of the tractor. It is alleged that as an inducement to the contract the agents of defendant guaranteed that the tractor was of the latest model, would run and operate continuously, pulling a load and maintaining a speed of two and a half miles per hour, that it would operate in a field, pulling not less than three plows, turning a fourteen-inch furrow, eight

or ten inches deep, that it would plow six or eight acres a day, that it was free from defects in construction, and was entirely suitable and fit for farm work, together with many other enumerated qualities of excellence. It is further alleged that plaintiff had no knowledge of or experience with tractors, and relied on the representations of defendant's agents, and that defendant was aware of that fact.

[1] No reference is made in the complaint to the fact that a written agreement of sale was entered into between the parties, accompanied by a written warranty signed by the defendant, and which, it is contended, contains the conditions of the sale and limits the liability of the defendant. However, this contract and warranty was set out in full by defendant's answer, and entered into the issues presented to the court on the trial as completely as though pleaded by the plaintiff. The deficiency in this respect of plaintiff's pleading was, therefore, supplied by the averments of the answer. (*Shively* v. *Semi-Tropic etc. Co.,* 99 Cal. 259, [33 Pac. 848]; *Daggett* v. *Gray,* 110 Cal. 169, [42 Pac. 568]; *Savings Bank of San Diego County* v. *Barrett,* 126 Cal. 413, [58 Pac. 914]; *Flinn* v. *Ferry,* 127 Cal. 654, [60 Pac. 434].)

The contract and warranty alleged by the answer and proven on the trial are in words and figures as follows:

"Order for 'Creeping Grip' Gasoline Tractor.

"To Bullock Tractor Company, Chicago, Ill., U. S. A.

"The undersigned, of Victorville postoffice, county of San Bernardino, state of California, rural route No. ——, hereby purchase of you, subject to all the conditions of agreement and warranty printed on back of this order, and made a part hereof:

"To be shipped to A. P. Williams, R. R. station, Victorville, Cal., Via Santa Fe. Quantity 1. Size 16–10 H. P. 'Creeping Grip' gasoline tractor complete, and agrees to pay freight on same from Los Angeles, Calif. U. S. A., and to settle for said tractor by payment of (1156.25) eleven hundred fifty-six and twenty-five hundredths dollars as follows: Cash.

"It is expressly agreed that this order shall not be countermanded, and that said tractor shall remain and be held by the undersigned as your exclusive property until the purchase money shall have been paid in full; and that said tractor or any part of same shall be and remain personal

property in whatsoever manner it may be annexed to realty. This order is given subject to acceptance by the Bullock Tractor Company.

"Signed and dated the twenty-sixth day of January, 1916.

"Signed, ANNIE P. WILLIAMS,

"Purchaser.

"Accepted.   ·   Dated at Chicago, Ill., ——, 191—.

"BULLOCK TRACTOR COMPANY,

"By ——————.

"Recommended for acceptance by A. C. MICHAEL.

"Warranty.

"Bullock Tractor Company (a corporation) warrants its 'creeping Grip' tractor herein described, to be well made of good materials, and durable if used with proper care.

"Said company agrees to furnish free of charge, any part that may prove defective within one year; said company may at its option require the return of such defective part, freight or express prepaid to the factory for inspection and examination; and assumes no responsibility when the machine, or part returned, indicates misuse or neglect of alterations or repairs made outside its factory. If upon three days' trial, with proper care, the tractor fails to work well, the purchaser shall immediately give written notice to the Bullock Tractor Company at Chicago, Ill., and to the agent from whom it was purchased, stating wherein the tractor fails, and when the purchaser desires us to send a competent man to put it in good working order, shall allow reasonable time therefor, and render necessary and friendly assistance to operate it.

"If the trouble is due to defective material or workmanship, the total cost of sending the expert shall be borne by the company; otherwise the purchaser shall pay said expense. If the tractor cannot then be made to work well, the purchaser shall immediately return it to said agent, and the price paid shall be refunded, which shall constitute a settlement in full of the transaction.

"Use of the tractor after three days, or failure to give written notice to said company and its agent, or failure to return the tractor as above specified, shall operate as an acceptance of it, and a fulfillment of this warranty.

"This warranty cannot be changed or abridged, and excludes all implied warranties.

"BULLOCK TRACTOR COMPANY."

[2] It may be conceded under this agreement and warranty and the express stipulation therein that the agreement "excludes all implied warranties," that this written contract is the measure of defendant's liability as to the quality and utility of the tractor, and that the averments of the complaint as to oral statements and general advertising representations on the part of defendant's agents, upon which plaintiff relied are irrelevant and immaterial matter. (*Remsberg* v. *Hackney Mfg. Co.,* 174 Cal. 799, [164 Pac. 792].) However, it is expressly guaranteed by the contract that the tractor is well made and of good materials, and durable, if properly cared for, "and durable if used with proper care," and it is provided that "if upon three days' trial, with proper care, the tractor fails to work well," the purchaser shall immediately notify the tractor company, which shall "send a competent man to put the machine in good working order," and "if the tractor cannot be made to work well, the purchaser shall immediately return it to said agent, and the price paid shall be refunded, which shall constitute a settlement in full of the transaction."

We think the pleadings thus supplemented by the averments of the answer present sufficient facts to maintain a cause of action upon the conditions for recovery of the purchase money as set out in the written contract and warranty after rejecting all other representations pleaded as surplusage.

[3] Although there is no direct allegation in the complaint that the tractor failed for lack of suitable material and durability, the averments as to its numerous defects and weaknesses sufficiently imply such failure.

The findings of the trial court, while covering the irrelevant matter pleaded as to oral representations of the qualities of their tractor, are ample as to the lack of quality and durability of the tractor and failure of the defendant to put it in working condition, to support plaintiff's rescission and demand for repayment of the purchase money.

The court finds that "said tractor was neither well made of good materials nor was it durable if or when used with proper care," that it could not be operated, "because it was improperly constructed and built, and was not made of good materials and was not durable"; that at times "said tractor would not develop sufficient power to move its own weight,

and the plaintiff after ten days was unable to plow with said tractor to exceed two acres; that said tractor in said time wore out the piston rings; that the main bearings of the drive shaft became worn; that certain oil pipes and feed pipes became broken and disconnected; that the clutch collars were entirely worn out; the engine when run became excessively hot and it was necessary to stop said engine and allow it to cool off so that the same would run at all; parts and portions thereof became loosened and broken and said tractor would not pull the load that would be pulled by an ordinary two-horse team; that during all of said time said tractor was properly lubricated with oil, was furnished proper fuel and proper oil, and had and was given by plaintiff proper care in all respects."

[4] The appellant is not in a position here to object to the sufficiency of the evidence to support the findings, in that the bill of exceptions contains no specifications of insufficiency, nor any assignment of errors or exceptions reserved. (*Millar* v. *Millar*, 175 Cal. 797, [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 394]; *City of Pasadena* v. *Stimson*, 91 Cal. 238, [27 Pac. 604]; *Smith* v. *Meade*, 36 Cal. App. 173, [171 Pac. 815].)

[5] Neither do we think there is sufficient assignment of errors of law occurring on the trial to entitle appellant to a review of the evidence. Motions were made and overruled at the close of the trial which it is claimed were substantially a motion for nonsuit. These included a motion to strike out portions of the testimony and to dismiss the complaint and give judgment for defendant, and insufficiency of certain specified parts of the evidence to sustain certain findings is alleged, but no objection of general insufficiency of the evidence to sustain any of the findings material to a judgment under the terms of the contract and warranty was contained in the motions.

The greater portion of appellant's voluminous briefs, however, is devoted to discussion of the conflicting evidence, and we have considered the same, with the result that we find ample testimony to support the findings. Nearly all the probative facts relating to the condition and operation of the tractor given with considerable detail in the findings are, in substance, a synopsis of the testimony of plaintiff's witnesses.

There can be no question under the findings and evidence that the trial court was justified in its conclusion that the tractor was not well made of good materials or durable in use, or that the plaintiff, if she acted in due time and on proper notice to the defendant, was justified in rescinding the contract and demanding a return of the purchase money.

[6] Appellant, however, claims that notice of the unsatisfactory condition of the tractor was not given in compliance with the contract, that the rescission was not made within the time stipulated, and that no return of the tractor was made to defendant's agents.

It was stipulated under the agreement of warranty that "if upon three days' trial, with proper care, the tractor fails to work well, the purchaser shall immediately give written notice to the Bullock Tractor Company at Chicago, Ill., and to the agent from whom it was purchased, stating wherein the tractor fails, and when the purchaser desires us to send a competent man to put it in good working order, shall allow reasonable time therefor, and render necessary and friendly assistance to operate it," and further, "if the tractor cannot then be made to work well, the purchaser shall immediately return it to said agent, and the price paid shall be refunded," and also, that "use of the tractor after three days, or failure to give written notice to said company and its agent, or failure to return the tractor as above specified, shall operate as an acceptance of it, and a fulfillment of this warranty."

There was no literal compliance with these requirements. But so far as time may have been of the essence of the agreement, this was waived by the acts of defendant. Delivery of the tractor was at no time actually made, or accepted, by the plaintiff. Defendant's agents undertook personally to deliver the tractor at plaintiff's ranch and put it in operation. It arrived in their charge in a crippled condition on the 3d of February. On the 4th it was repaired and adjusted, and during the 4th, 5th, and 6th defendant's agents were in charge attempting to make it work. They were not successful, and on the last date named plaintiff stated to said agents and servants that said tractor was not satisfactory and refused to accept it. It was, however, left at the ranch and plaintiff's sons, one of whom was experienced in mechanics and with motors and machinery,

attempted to put it in operation. The findings are that they handled it skillfully and with due care. They were unable to get any better results for the reason of the defects as found by the court, and on February 9th, within three days after defendant's agents had left it, after their own futile experiments, plaintiff ''notified the defendant in writing that said tractor was not satisfactory,'' and called attention to its defective and broken condition, and requested that a mechanic be sent immediately to put it into commission. Thereafter, plaintiff sent certain new parts, including a carburetor, that did not fit. The machine still not operating, defendant sent a mechanic on March 13th, who worked on the tractor unavailingly for about two days and then abandoned it because he did not have parts and material sufficient to make the necessary repairs. No further attempt was made by defendant to put the tractor in a condition to operate, and after waiting until the 8th of April, 1916, the plaintiff in writing again notified defendant that the tractor would not work and gave notice of rescission of the contract, and that the tractor was at the ranch where defendant's agents had left it and was subject to defendant's orders, and demanded repayment of the purchase money.

There were further negotiations but no substantial repair of the tractor. A further notice of rescission and demand for return of the purchase money was made on May 12th. Plaintiff had never accepted delivery of the tractor and notice to defendant and its agents that they would find it where they had left it and that it was subject to their orders was a sufficient return of any possession plaintiff had.

Under the pleadings, evidence, and findings the plaintiff was entitled to recover.

[7] The more serious question of error arises upon the exception of defendant to the ruling of the trial court excluding from the evidence the depositions of certain of defendant's witnesses. The testimony thus offered was of witnesses who inspected the tractor long after the attempt to operate it and after the rescission by plaintiff, and was to the effect that on such inspection they discovered nothing wrong with the tractor, and after some slight adjustments were able to operate it satisfactorily. Such testimony could only be admitted after a showing that the tractor remained

in the same condition as when it was previously tried out. Although there was evidence that it had been left standing where it was when plaintiff rejected it and had not been used since, we have looked in vain for any affirmative showing that it had not been overhauled or changed.

In any event, it was the duty of the defendant under the contract to make the tractor work satisfactorily upon demand and within a reasonable time, and evidence that some months later defendant's witnesses were able to operate it with slight repairs is immaterial to plaintiff's right to recovery. Moreover, the evidence was cumulative, the defendant having had the advantage of the testimony of its agents who sold the machine and who tested and repaired it on the attempted delivery, as to its condition at that time.

Many of the points involved in this appeal are covered by the opinion of Mr. Justice Hart in *Ventura Mfg. Co.* v. *Warfield*, 37 Cal. App. 147, [174 Pac. 382], an action strikingly similar to this in its facts and in the issue presented on appeal. Judgment for plaintiff was affirmed and a petition for hearing in this court was denied.

The judgment herein is affirmed.

Lennon, J., Olney, J., Wilbur, J., Shaw, J., Angellotti, C. J., and Lawlor, J., concurred.