[L. A. No. 6986. In Bank.—September 12, 1923.]

## ALLEN SANDERS, Respondent, v. C. E. TOBERMAN, Appellant.

[1] NEW TRIAL — NOTICE OF MOTION — INSUFFICIENCY OF EVIDENCE — SPECIFICATIONS.—Before the amendment of 1915 to section 659 of the Code of Civil Procedure, it was required that when a motion for a new trial was made upon the minutes of the court and the ground of the motion was the insufficiency of the evidence to justify the verdict or other decision, the notice of motion should specify the particulars in which the evidence was alleged to be insufficient, but since said amendment such specification of particulars is not required.

[2] ID.—COMMON LAW AND EQUITY PRACTICE—STATUTORY PROCEEDINGS. Proceedings for a new trial are statutory and the common law and equity practice is not a part of the substantive law of this state in this connection.

[3] NEGLIGENCE—CHILD OF TENDER YEARS—QUESTION OF FACT.—The question as to whether or not a child of eight years was guilty of negligence in a particular case would ordinarily be a question

---

3. Age at which doctrine of contributory negligence may be applied to children as question for jury, notes, 14 Am. St. Rep. 590; 81 Am. St. Rep. 875; 17 Ann. Cas. 353; Ann. Cas. 1913B, 969; 17 L. R. A. 79; L. R. A. 1917F, 76, 84.

of fact to be determined by the jury, notwithstanding the fact that the child may have done things which in an adult would be held contributory negligence as a matter of law; and whether or not such a child was negligent, in failing to exercise due caution while attempting to draw a·little wagon across a street at an intersection, in observing the traffic, was a question for the jury to determine upon proper instructions.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. George E. Cryer, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

George H. Moore for Appellant.

Wm. J. Palmer and Lyle W. Rucker for Respondent.

WILBUR, C. J.—This is an appeal from an order granting a new trial after a verdict of the jury in favor of the defendant in a case brought by the plaintiff to recover for the death of an infant son who was killed by an automobile operated by the defendant.

The appellant presents two contentions,—first, that the notice of intention to move for a new trial is defective because there are no specifications of the insufficiency of the evidence, and, second, that the evidence shows without conflict and as a matter of law that the child, Milo Wright Sanders, killed by the defendant's automobile, was guilty of contributory negligence.

[1] Before the amendment of 1915 to section 659 of the Code of Civil Procedure it was required by that section that when a motion for a new trial was made upon the minutes of the court and the ground of the motion is the insufficiency of the evidence to justify the verdict or other decision, a notice of motion must specify the particulars in which the evidence is alleged to be insufficient. This provision was eliminated by the amendment of section 659 in 1915 (Stats. 1915, p. 201). The section now requires the moving party to designate the grounds upon which the motion will be made. The notice of motion in the case at bar was as follows: "Take notice that plaintiff, Allen Sanders, intends to move the court to vacate, and set aside the verdict ren-

dered in the above cause, and to grant a new trial of said cause, upon the following grounds, to wit: I. Insufficiency of the evidence to justify the verdict. Said motion will be made upon the minutes of the court in. said cause." This was a sufficient statement of the grounds of the motion for a new trial. It was unnecessary to specify in detail the respects in which it was claimed that the evidence was insufficient to justify the verdict.

Appellant cites in support of his proposition that the amendment of 1915 did not abolish the requirement for specifications of the insufficiency of the evidence (*Millar* v. *Millar*, 175 Cal. 797 [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 394], and *Williams* v. *Bullock Tractor Co.*, 186 Cal. 32, 39 [198 Pac. 780]). The case of *Millar* v. *Millar, supra,* dealt with a motion for a new trial made upon a bill of exceptions, notice whereof was given January 6, 1915, before the amendment to section 659 of the Code of Civil Procedure of that year became effective, consequently that decision has no application to the case at bar. The case of *Williams* v. *Bullock Tractor Co., supra,* dealt with an appeal from a judgment upon a bill of exceptions and has no application to the situation here.

[2] The appellant suggests rather than argues that "the common law and equity practice in this connection is a part of the substantive law of the state." There is no merit in this suggestion. The proceedings for a new trial are statutory.

[3] We deem it unnecessary to discuss the evidence which the appellant claims establishes that the deceased child was as a matter of law guilty of negligence. The question as to whether or not a child of eight years was guilty of negligence is ordinarily a question of fact to be determined by the jury, notwithstanding the fact that the child may have done things which in an adult would be held contributory negligence as a matter of law (*Mayne* v. *San Diego Elec. Ry. Co.*, 179 Cal. 173 [175 Pac. 690], and cases there cited. See, also, *Cahill* v. *E. B. & A. L. Stone Co.*, 167 Cal. 126, 139 [138 Pac. 712]). It is sufficient for the purposes of this appeal to say that the accident occurred at the intersection of two streets, on one of which the defendant was traveling with his automobile, and that the deceased child was attempting to draw a little wagon across

the street, accompanied by his sister. The question of whether or not the child was negligent in failing to exercise due caution in observing the traffic at the street intersection was a question for the jury to determine under proper instructions. The order granting a new trial is affirmed.

Lennon, J., Waste, J., Seawell, J., Kerrigan, J., Lawlor, J., and Richards, J., *pro tem.*, concurred.