[Civ. No. 4230.   Second Appellate District, Division Two.—April 19, 1927.]

## MERCHANTS FINANCE COMPANY (a Corporation), Respondent, v. ACOSTA BROS. (a Copartnership) et al., Appellants.

[1] SALES—ACTION TO RECOVER PURCHASE PRICE OF TRACTOR—PROPERTY INACCESSIBLE TO BUYER—IMPLIED WARRANTY OF MERCHANTABILITY—FINDING—EVIDENCE.—In this action to recover the unpaid purchase price of a tractor, which the defendants alleged in their answer was inaccessible to them at the time of purchase, as to the implied warranty, declared by section 1771 of the Civil Code, that "One who sells or agrees to sell merchandise inaccessible to the examination of the buyer thereby warrants that it is sound and merchantable," there was a finding by the trial court, supported by substantial testimony, that "the said tractor was in all respects sound and merchantable."

[2] ID.—MANUFACTURED ARTICLE—WARRANTY—PLEADING—EVIDENCE.— In such an action, the implied warranty provided for in section 1769 of the Civil Code that "One who sells or agrees to sell an article of his own manufacture thereby warrants it to be free from any latent defect not disclosed to the buyer arising from the process of manufacture, and also that neither he nor his agent in such manufacture has knowingly used the improper materials therein," cannot be relied upon by the defendants, where they failed to allege such a warranty and there was no proof that the seller was the manufacturer.

[3] ID.—ARTICLE MANUFACTURED FOR PARTICULAR PURPOSE—WARRANTY —EVIDENCE.—The implied warranty specified in section 1770 of the Civil Code that "One who manufactures an article under an order for a particular purpose, warrants by the sale that it is reasonably fit for that purpose," has no bearing on the case in question.

[4] ID.—WRITTEN CONTRACT COVERING SALE OF TRACTOR—FITNESS OF TRACTOR—EXPRESS ORAL WARRANTY—EVIDENCE—INADMISSIBILITY OF.—In an action to recover the unpaid purchase price of a tractor under a written agreement, testimony to the effect that there was an express oral warranty that the tractor was fit for the purpose of pulling a six-foot double disc was inadmissible on the ground

2. Implied warranty of fitness of property bought from manufacturer for particular purpose, notes, 22 L. R. A. 189; 15 L. R. A. (N. S.) 855.   See, also, 24 R. C. L. 238.

4. Parol evidence as admissible to show warranty where bill of sale contains none, note, 19 Ann. Cas. 542.

that the contract was thereafter reduced to writing, and all oral negotiations were merged in the written contract; and the trial court properly granted a motion to strike out such testimony.

(1) 35 Cyc., p. 397, n. 21, p. 573, n. 76.  (2) 35 Cyc., p. 447, n. 47, p. 449, n. 58.  (3) 35 Cyc., p. 402, n. 45.  (4) 22 C. J., p. 1119, n. 84.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Leslie R. Hewitt, Judge.  Affirmed.

The facts are stated in the opinion of the court.

R. T. Quinn for Appellants.

I. Henry Harris for Respondent.

THOMPSON, J.—This appeal is from a judgment recovered by plaintiff as assignee of a contract for the purchase by defendants of a tractor, in the amount of the unpaid purchase price, to wit, $865 and interest and $100 attorneys' fees as provided for in the written agreement.

The defendants alleged in their answer that at the time of their purchase the property was inaccessible to them; that the seller knew that they desired it for the purpose of pulling a six-foot double disc; that the tractor did not have sufficient power to pull such a disc and was for that reason not sound or merchantable; that when they attempted to use it to pull that size disc it broke. At the trial the defendants introduced certain testimony to the effect that some time before the sale they told Mr. Johnson, the seller, that they wanted the tractor for the purpose of pulling a six-foot double disc. On motion of plaintiff this testimony was stricken out on the ground "that the oral warranty cannot be introduced in a written contract." It is of this ruling of the court that appellants complain.

[1]  The implied warranty declared by section 1771 of the Civil Code, having application to the present case, reads as follows: "One who sells or agrees to sell merchandise inaccessible to the examination of the buyer, thereby warrants that it is sound and merchantable." There is a finding by the court, supported by substantial testimony, that " . . . the said tractor was in all respects sound and merchantable."

[2] Appellants' counsel in his brief refers to the implied warranty provided for in section 1769 of the Civil Code as follows: "One who sells or agrees to sell an article of his own manufacture thereby warrants it to be free from any latent defect, not disclosed to the buyer, arising from the process of manufacture, and also that neither he nor his agent in such manufacture has knowingly used improper materials therein." He fails, however, to allege such a warranty, and, furthermore, there is no proof that the seller was the manufacturer. [3] In so far as proof of knowledge on the part of plaintiff's assignor that defendants desired the tractor for the purpose of pulling a particular sized disc is concerned, such testimony would only be relevant under the theory that the implied warranty specified in section 1770 of the Civil Code attached to the tractor in question. That section reads: "One who manufactures an article under an order for a particular purpose, warrants by the sale that it is reasonably fit for that purpose." It has no bearing here. As is said in *Remsberg* v. *Hackett Mfg. Co.,* 174 Cal. 799 [164 Pac. 792] " . . . The contract was not such as to bring the case within the purview of section 1770. The article was not manufactured for the plaintiff under an order for a particular purpose. It was not manufactured under order at all."

[4] And, of course, in so far as an express oral warranty that the tractor was fit for the purpose of pulling a six-foot double disc is concerned, such testimony would be inadmissible on the ground that the contract was thereafter reduced to writing, and all oral negotiations were merged in the written contract. (*Remsberg* v. *Hackett Mfg. Co., supra,* and *Williams* v. *Bullock Tractor Co.,* 186 Cal. 32 [198 Pac. 780].)

The testimony was inadmissible and the motion was properly granted.

Judgment affirmed.

Works, P. J., and Johnson, J., *pro tem.,* concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 16, 1927.