[Civ. No. 7189. First Appellate District, Division Two.—May 21, 1930.]

ROBERT MIZE, a Minor, etc., Respondent, v. JOHN G. DUFFY, Appellant.

B. P. Gibbs, Barry J. Colding and Theodore Hale for Appellant.

Charles P. Knights for Respondent.

NOURSE, P. J.—Plaintiff, a child of six years of age, sued for personal injuries. The cause was tried before a jury and resulted in a verdict for plaintiff for fifteen hundred dollars. The defendant appeals on typewritten transcripts.

We take the following statement of facts from appellant's opening brief: "Appellant was driving north on Potrero avenue. As he approached the intersection of Twenty-second street at the southeast corner, respondent, whose presence up to that instant had been concealed or partially concealed by the poles on the corner, ran suddenly from the sidewalk into the street and was struck by appellant's automobile. Appellant was between 12 and 18 feet from respondent when he first saw him. At that time appellant was driving at the rate of from 10 to 15 miles an hour and was about 7 feet westerly from the curb." (But here it should be added that other evidence was offered to show that appellant was driving at a rate of 20 to 25 miles an hour.) "When appellant saw respondent jump into the street respondent was 8 to 12 feet from appellant. Appellant immediately applied his brakes and brought the automobile to a stop about 12 feet from the point where he had hit respondent."

Two points are made on this appeal—that the evidence is insufficient to show negligence on the part of appellant, and that respondent was guilty of contributory negligence as matter of law.

In charging negligence to the appellant the respondent relies upon the evidence showing that the block forming the southeast corner of the intersection was occupied by the San Francisco Hospital and was surrounded by a brick wall three feet in height, which was topped with an iron fence six feet in height. It is argued that this wall and fence was such an obstruction to appellant's view of the intersection as to make the legal speed limit fifteen miles an hour. The point raised by appellant is not debatable here. There was a clear conflict in the evidence as to the rate of speed at which appellant was traveling and as to whether the intersection was an "obstructed" or "blind" corner. It was the province of the jury to resolve these conflicts. But aside from the question whether the wall and fence obstructed the driver's view within the mean-

ing of section 113 of the California State Motor Vehicle Act (Stats. 1923, p. 517), there is the more important question whether appellant was driving in a careful manner in view of all the circumstances. (See sec. 113a, California State Motor Vehicle Act.) It is evident from the verdict that the jury found that he was not.

█ Upon the second point our authorities are in accord with the view that the question of the contributory negligence of a minor child is "ordinarily" a question of fact for the jury. Some of the recent decisions to this effect are *Sanders* v. *Toberman,* 192 Cal. 13, 15 [218 Pac. 394]; *Varcoe* v. *Lee,* 180 Cal. 338, 341 [181 Pac. 223]; *Schroeder* v. *Baumgarteker,* 202 Cal. 626, 628 [262 Pac. 740]. The appellant has not cited any reason why the case of this child of six years is out of the ordinary and, upon the record cited, we must hold that the issue was properly left with the jury.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 19, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 17, 1930.