[Civ. No. 7207. First Appellate District, Division Two.—August 6, 1930.]

JOHN MORENO, Respondent, v. SALVATORE ROSSI, Appellant.

B. P. Gibbs, Theodore Hale and Barry J. Colding for Appellant.

James F. Brennan, John J. McMahon and Joel D. Rosenblum for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to recover damages for the death of Daniel Moreno, his minor son, who was but ten years old at the time of his injury and death. The defendant filed an answer in which he denied many of the material allegations of the complaint and in which he alleged the contributory negligence of the plaintiff and of the decedent. A trial of all of those issues was had before the trial court sitting with a jury. A verdict was returned in favor of the plaintiff, and from the judgment entered thereon the defendant has appealed.

The defendant contends that Daniel Moreno was guilty of contributory negligence as a matter of law and that the verdict is contrary to law. In this connection he quotes evidence to the effect that the deceased was riding south on a Third Street car in San Francisco. When he reached Twenty-second Street he stepped off the rear platform of the car and attempted to go to the curb, but, before reaching the sidewalk, he was struck by the defendant's car, which was following the street-car. The defendant calls to our attention the further facts that the accident happened at about 8 o'clock in the morning and that the defendant's car was in plain view of the deceased when he attempted to go in front of it. The defendant claims the foregoing facts show contributory negligence as a matter of law and he cites and relies on *Brown* v. *Brashear,* 22 Cal. App. 135, 139 [133 Pac. 505]. In that case the record does not show that the plaintiff was a minor. The excerpt quoted from the decision was quoted from that part of the decision in which the court was discussing what acts would, or would not, constitute acts of negligence on the part of the defendant—not acts of contributory negligence on the part of the plaintiff. The plaintiff in this case claims that as the decedent was a minor the same rules do not apply that would apply to the acts of an adult. He contends that the question of contributory negligence of a minor is a question of fact which should be, and was, submitted to the jury on conflicting evidence, and that the verdict should not be disturbed. (*Richmond* v. *Moore,* 103 Cal. App. 173 [284 Pac. 681].) To that reply the defendant answers by citing *Todd* v. *Orcutt,* 42 Cal. App. 687, 690, 691 [183 Pac. 963] and *Moeller* v. *Packard,* 86 Cal. App. 467 [261

Pac. 315]. Neither case helps the defendant. In the first case, the plaintiff was a minor. The defendant set up as a defense the contributory negligence of the plaintiff. The trial court made findings in favor of the defendant. The court of review refused to reverse the judgment of the trial court based on conflicting evidence. In the other case contributory negligence was not pleaded, but was put in issue by the evidence introduced. In other respects the same comments can be made as to the Todd case.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 5, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 2, 1930.