[Civ. No. 8472. First Appellate District, Division One.—December 17, 1932.]

G. W. WOO, Respondent, v. LOW CHEW et al., Appellants.

WILTON WOO (a Minor), etc., Respondent, v. LOW CHEW et al., Appellants.

Hadsell, Sweet & Ingalls for Appellants.

Carlton D. Dethlefsen and Thomas F. McCue for Respondent.

THE COURT.—The first of the above actions was brought by the father of Wilton Woo, a minor, to recover the expense incurred in connection with injuries alleged to have

been suffered by the minor; and the second was for the recovery by the minor of damages due to the same injuries.

It was alleged that the injuries resulted from the negligence of defendants. The cases were consolidated for trial and tried by a jury. It returned a verdict in favor of the defendants. A motion for a new trial was made and granted on the ground that the verdict was not justified by the evidence.

The appeal is from this order, it being defendants' claim that there was no substantial evidence of negligence on their part proximately causing the injuries, and that, as to the action brought by the minor's father, the evidence shows as a matter of law that the father was guilty of contributory negligence.

The injuries occurred in the Chinese quarter of San Francisco on a street known as Beckett Street, which is a one-way thoroughfare twelve feet three inches in width between the curbs. The father of the minor operates a store upon this street. At the time his injuries were received the minor was a little less than four years of age, and was riding to and fro on a foot-propelled toy wagon along the sidewalk near his father's store. The wagon was shaped to resemble an aeroplane: It had a propeller in front, and wings which projected about eighteen inches on each side. Defendant Wong Kow was in the employ of his co-defendants, who conducted a market on the street named. On September 30, 1930, he drove a truck along this street, it being his intention to park in front of the market. Finding the parking space occupied he proceeded farther and backed the truck to the curb. While this was being done the minor was propelling his wagon along the sidewalk, and one of the wings mentioned was struck by the rear end of the truck, throwing the boy to the ground and causing his injuries. As to whether the driver gave a warning signal as he approached the curb the evidence is conflicting. It appears that the body of the truck extended about eighteen inches beyond its rear wheels; and it was testified that the truck mounted the sidewalk, thus striking the vehicle upon which the child was riding. As is usual in cases of this kind the testimony as to how the injuries occurred and the care used is conflicting; and while it is the rule that if there be no sufficient material evidence upon which a contrary verdict

could be based an order granting a new trial cannot be sustained (*Empire Investment Co.* v. *Mort,* 169 Cal. 732 [147 Pac. 960]; *Springer* v. *Pacific Fruit Exchange,* 92 Cal. App. 732 [268 Pac. 951]), here the child was not in the street when struck, as was the fact in cases cited by defendants, but upon the sidewalk, and there was sufficient evidence which, if believed by the jury, would support a finding that in backing the truck in the manner shown the driver was wanting in due care.

We find no merit in the contention that the father of the minor was guilty of contributory negligence. In the case of *Muller* v. *Standard Oil Co.,* 180 Cal. 260 [180 Pac. 605], relied upon by defendants, an ordinance prohibited the use of tricycles on the sidewalk. The plaintiff permitted his child to violate this ordinance. As a consequence the child was injured by a truck which was proceeding from an alley into the street. It was held that the plaintiff could not recover. In the present case no statute or ordinance was shown, and it does not conclusively appear that there was any want of care on the part of either the father or the child. The question was one of fact for the jury. (*Daly* v. *Hinz,* 113 Cal. 366 [45 Pac. 693]; *Fox* v. *Oakland Cons. St. Ry. Co.,* 118 Cal. 55 [50 Pac. 25, 62 Am. St. Rep. 216]; *Seperman* v. *Lyon Fire Proof Storage Co.,* 97 Cal. App. 654 [275 Pac. 980].) In granting a new trial much is committed to the discretion of the trial court (*Sheets* v. *Southern Pac. Co.,* 212 Cal. 509 [209 Pac. 71]), and we cannot say that its conclusions in the present instance are unsupported.

The order is affirmed.