[Civ. No. 4899. Third Appellate District.—November 21, 1933.]

OSCAR C. ANDERSON, Respondent. v. M. J. WALTERS et al., Appellants.

Rich, Weis & Carlin for Appellants.

Alva A. King and E. Vayne Miller for Respondent.

PULLEN, P. J.—A jury awarded to plaintiff damages for the death of his minor son. From the judgment thereon this appeal is prosecuted. The record discloses that the deceased, a boy of ten years of age, in company with his mother, brother, sister and uncle were, in the

month of August, 1931, traveling by automobile from Berkeley to Corning. The deceased and his mother were seated in the rear of the automobile. The deceased expressed a wish to stop at a service station, and as they reached a point about two miles south of Arbuckle, it then being about 7 o'clock in the morning, the driver of the car stopped some twelve or fifteen feet off the easterly paved portion of the highway across from the service station and in the middle of an intersecting county road. After the car had come to a complete stop, Donald, the deceased boy, stepped out of the car on the side nearest the highway and started to trot or skip diagonally across the highway toward the service station. At this moment defendant Walters was proceeding south along the highway driving a Ford truck loaded with approximately two tons of rice. He was traveling about a foot or two from the westerly edge of the paved portion of the highway at a speed of from twenty to twenty-five miles an hour. When the boy had reached a point beyond the center of the highway he was struck by the southbound truck, receiving injuries which caused his death.

The driver of the truck, Walters, testified he saw the car parked at the side of the road when he was approximately one hundred and fifty yards north and that he was from eighty to ninety feet away when he saw the boy start across the road. He further testified his brakes were in good condition and that he could stop his truck in twenty-five feet going at a speed of twenty-five miles per hour.

A witness for plaintiff testified that immediately after the accident defendant Walters admitted to him he was at fault. That he saw the boy when he was eighty or ninety feet away, but did not sound his horn at all and did not apply his brakes until after the accident. This conversation, however, was stoutly denied by defendant, but it was for the jury to determine that conflict.

Defendant urged as grounds for reversal that the deceased was guilty of contributory negligence as a matter of law, that the mother of the boy was likewise guilty of contributory negligence and that there was no showing of negligence on the part of defendant.

█ Here we are weighing the acts and conduct of a boy of ten years and it is well established that "a child is

required to exercise only that measure of care which children of the same age and under similar circumstances ordinarily exercise'' and ''the law has fixed no precise age at which it may be stated as a matter of law that an infant is accountable for his actions to the same extent as one of full age''. (19 Cal. Jur. 605.)

■ Whether a person is guilty of contributory negligence in attempting to cross a roadway in front of an approaching automobile depends upon the circumstances and is a question for the jury to determine. (*Flach* v. *Fikes,* 204 Cal. 329 [267 Pac. 1079].)

In *Hunt* v. *Los Angeles Ry. Corp.,* 110 Cal. App. 456 [294 Pac. 745], a father sued for the death of his minor son who was struck by a bus of defendant while riding a bicycle.

In speaking of contributory negligence, the court there said: ''The defense of contributory negligence may be invoked in an action by a parent to recover damages for the death of a child where the latter was of an age sufficient to exercise discretion for the avoidance of injury. (*Studer* v. *Southern Pac. Co.,* 121 Cal. 400 [66 Am. St. Rep. 39, 53 Pac. 942].) But a child is not held to the same degree of care as an adult and is only required to exercise the degree of care which is ordinarily exercised by minors of like age, mental capacity and discretion. There is no precise age at which as a matter of law a child is to be held accountable for his actions to the same extent as one of full age. The question as to the capacity of a particular child at the time to exercise care to avoid a particular danger is one of fact falling within the province of the jury to determine. (*Cahill* v. *E. B. & A. L. Stone Co.,* 167 Cal. 126 [138 Pac. 712, 717].) The rule has been applied in cases where the age of children sought to be charged with contributory negligence varied from twelve to fourteen years.''

To the same effect is *Moore* v. *Bishop,* 113 Cal. App. 25 [297 Pac. 580], *Graham* v. *Consolidated M. T. Co.,* 112 Cal. App. 648 [297 Pac. 617], *Moreno* v. *Rossi,* 107 Cal. App. 569 [290 Pac. 481], and *Mize* v. *Duffy,* 106 Cal. App. 15 [288 Pac. 798]. So, also, the question of whether a minor was guilty of contributory negligence was for the jury. (*Carrisosa* v. *Southern Service Co.,* 128 Cal. App. 160 [16 Pac. (2d) 1032] ; *Seperman* v. *Lyons etc. Co.,* 97 Cal. App.

655 [275 Pac. 980]; *Wilton Woo* v. *Low Chew,* 128 Cal.
App. 235 [16 Pac. (2d) 1001]; *Zarzana* v. *Neve Drug Co.,*
180 Cal. 32 [179 Pac. 203, 15 A. L. R. 401]; *Patania* v.
*Yellow-Checker Cab Co.,* 102 Cal. App. 600 [283 Pac.
295].)

▮ The evidence as disclosed in the record was, if
believed by the jury, ample to support the findings that
neither the deceased nor his mother was guilty of con-
tributory negligence.

▮ Appellant also maintains that the evidence is in-
sufficient to support the finding that Walters was negligent
or that his negligence, if any, was the proximate cause of
the accident, but we believe that ample evidence was shown
to justify the conclusions of the jury.

Defendant Walters was operating a truck upon a high-
way whereon he had no right of way superior to that of a
pedestrian, but each had equal and reciprocal rights (*Park*
v. *Orbison,* 43 Cal. App. 74 [184 Pac. 428]; *Brown* v.
*Brashear,* 22 Cal. App. 135 [133 Pac. 505]), but the driver
of a truck being in control of a dangerous instrumentality
capable of inflicting fatal injuries is charged with a greater
amount of care than a pedestrian in order that he may be
bound to the same standards of ordinary care. (*Raymond*
v. *Hill,* 168 Cal. 473 [143 Pac. 743]; *Weihe* v. *Rathjen
Mercantile Co.,* 34 Cal. App. 302 [167 Pac. 287].)

▮ Therefore, when we realize that the driver of the
truck approached an intersection of a county road with the
main highway, saw a car parked at the side of the road
when some one hundred and fifty yards away and when
within eighty or ninety feet saw a child start across the
highway and took no measures to slacken the speed of the
truck nor sound any warning, we cannot say he was free
from negligence.

The judgment is affirmed.

Thompson, J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the
Supreme Court, after judgment in the District Court of
Appeal, was denied by the Supreme Court on January 18,
1934.