[L. A. No. 4479.    Department Two.—August 2, 1918.]

NETTIE BOWDOIN, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

NEGLIGENCE—DEATH OF BOY FROM FALL FROM FREIGHT-CAR—MISCONDUCT OF BRAKEMAN—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.—In an action to recover damages for the death of a boy of the age of fifteen years alleged to have been caused by the negligent and willful misconduct of a brakeman of a railroad company in ejecting him from an iron ladder on the side of a freight-car upon which he was riding without permission, by reason whereof he fell in front of a passing switch-engine and was killed, an instruction that the deceased could not be charged with contributory negligence for not having waited for a more safe place to alight if the jury should find that from acts and conduct of the brakeman the boy had reason to believe that force would be used to eject him and that he jumped by reason of such belief, is not erroneous, where the testimony on behalf of the plaintiff showed that the hold of the deceased was released by reason of the fact that his fingers were stamped upon, or because the brakeman was stamping near his fingers and threatening to stamp upon them.

ID.—DEGREE OF CARE REQUIRED OF BOY—INSTRUCTION.—The court properly instructed the jury that a boy of fifteen years of age would not be expected to use that degree of judgment and discretion which would be expected and required of an adult.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edward Judson Brown, Judge.

The facts are stated in the opinion of the court.

Henry T. Gage, and W. I. Gilbert, for Appellant.

Hocker, Morris & Austin, for Respondent.

WILBUR, J.—Defendant appeals from a judgment after verdict for one thousand dollars in an action brought by plaintiff to recover for the death of her son, Lindsay, fifteen years of age, alleged to have been caused by the negligent and willful misconduct of a brakeman of the defendant, in ejecting him from an iron ladder on the side of a freight-car upon which he was riding without permission, by reason

whereof he fell in front of a passing switch-engine and was killed.

Cecil Sanders, a companion of deceased, testified that he saw the brakeman climb down the ladder and smash decedent's fingers; that he heard the brakeman say something to him but could not distinguish what it was; that he "stomped where Lindsay was holding on to the ladder. . . . Lindsay fell off, he seemed to light on his left foot, . . . seemed to lose his balance, and fell in front of the east-bound switch-engine and was run over." In its answer the defendant denied negligence and alleged contributory negligence. The brakeman and others in charge of the train testified, denying all knowledge of the presence of the deceased, and any knowledge of the means by which he was thrown in front of the switch-engine. The jury were instructed fully on the subject of negligence and no complaint is made of such instructions. Defendant, however, complains of the following instruction, given at plaintiff's request.

"If you find that the deceased in this case was a boy of fifteen years of age, you are instructed that he would not be expected to use that degree of judgment and discretion which would be expected and required of an adult, and if you find that from the commands or acts, if any, of the brakeman in charge of the train, the boy had reason to believe that force would be used, or if you find that force was used to eject him from the train, and even if you find that the boy jumped from the train by reason of such belief, he cannot under such circumstances be charged with contributory negligence for not having waited for a more safe place to alight."

It is claimed that this instruction is erroneous for the reason that it is based upon a theory not involved in the evidence. If we accept the testimony on behalf of plaintiff as true, the hold of decedent was released by reason of the fact that his fingers were stamped upon, or that he lost his hold, or let go his hold, because the brakeman was stamping near his fingers and threatening to stamp on his fingers, it could not be said that the deceased was guilty of contributory negligence in loosening his hold under such circumstances. There is no evidence that he jumped. Under the circumstances he could not be charged with negligence in not

choosing a safe place to alight. Upon the question of the negligence of the deceased it was proper for the jury to be instructed "that he would not be expected to use that degree of judgment and discretion which would be expected and required of an adult," and the effect of the instruction was that the boy in jumping from the train, if he did jump, was not guilty of contributory negligence, if as a boy of his discretion he had reason to believe that his fingers would be stamped on, or if they were stamped on. Defendant was not prejudiced by an instruction upon the theory that the deceased jumped.

The point is made that notwithstanding the conflict in the evidence, this court should take into consideration the fact that the verdict for one thousand dollars was a very light verdict, and therefore infer that the jury did not wholly believe the testimony of the plaintiff's witness. The defendant cannot complain that the verdict was too small, and in view of the rule of law that parents are only entitled to compensatory damages for pecuniary loss, we cannot say that the jury rendered a verdict for less than they thought was proper under the measure of damages as given it by the court. The credibility of the witness was exclusively for the jury, and the verdict based upon sufficient testimony cannot be overturned by this court.

The judgment is affirmed.

Lorigan, J., and Melvin, J., concurred.