[Civ. No. 2468. Third Appellate District.—July 3, 1922.]

CORA A. MURPHY et al., Respondents, v. C. R. SHAFFER et al., Appellants.

[1] NEGLIGENCE—INJURY TO AUTOBUS PASSENGER—VERDICT JUSTIFIED BY EVIDENCE.—In this action for personal injuries sustained by an autobus passenger from the overturning of the vehicle on a narrow road after running off the grade, the evidence is sufficient to justify the verdict in favor of the plaintiffs, who alleged in their complaint that the defendants did not exercise due care in handling the bus and that it was equipped with defective steering apparatus.

[2] JURORS AND JURIES — INTEREST IN INSURANCE COMPANY — PROPER EXAMINATION.—A litigant has the right to ask a juror on his examination whether or not he is a stockholder in, or otherwise interested in, an insurance company which is interested in the outcome of an action.

APPEAL from a judgment of the Superior Court of Merced County. E. N. Rector, Judge. Affirmed.

The facts are stated in the opinion of the court.

Short, Lindsay & Woolley, J. J. Griffen and H. K. Landram for Appellants.

E. C. Webber, Stutsman & Stutsman, Everts, Ewing & Wild and T. M. Stuart for Respondents.

PREWETT, J., *pro tem.*—This is an appeal prosecuted from a judgment in favor of the respondents and against appellants in an action for damages for personal injuries sustained by said Cora A. Murphy, alleged to have been caused by the negligence of the defendants. The action was tried by a jury, who rendered a verdict in favor of the respondents for the sum of seven thousand five hundred dollars. The accident which resulted in the injury to Mrs. Murphy occurred on the twelfth day of June, 1918. At the time in question the appellants were common carriers of persons for hire between Yosemite Valley and El Portal. During the month of June, 1918, a certain insurance company was entertaining its various representatives, numbering some three or four hundred persons, coming to California from various parts of the United States. A part of the entertainment of this body of persons included a trip to the Yosemite Valley. When the party was ready to leave the valley, the appellants provided an automobile or bus in which Mrs. Murphy was a passenger. The road from Yosemite Valley down the canyon is very narrow and in some places rather steep. At a certain point in the canyon where the road is but little wider than the width of the vehicles that travel over it, the driver of the bus in question ran it off the grade, causing it to overturn and injure a number of the passengers, Mrs. Murphy among them.

It is alleged in the complaint that the appellants did not exercise due care in handling the autobus, and that it was equipped with defective steering apparatus. The evidence tends to show that the vehicle was an old truck changed into an autobus, having seats running transversely across its body from side to side. The bus carried about twenty-two passengers on the day in question.

It is, of course, conceded that the respondents made out a *prima facie* case when they showed the fact that Mrs. Murphy was carried as a passenger and that the injury resulted from the accident. The appellants seek to meet and

overcome this showing by evidence tending to show that the bus was in good order and was properly handled and that, in fact, the accident occurred through a failure of the roadway to sustain the heavy weight of the bus. The evidence shows that from a foot to two and a half feet of the outer edge of the roadway caved away at the point at which the bus went down. The respondents insist that the car was driven off the grade. The appellants claim that the embankment gave way under the rear wheels of the bus, causing the vehicle to go backward off the grade.

[1] The principal point made by the appellants is that the evidence is insufficient to justify the verdict of the jury. This point is not well taken. Whatever may be said of the showing by the appellants in this behalf, it is quite certain that there is an abundance of evidence in the record to sustain the verdict of the jury. They had the witnesses and the appellants before them, and had a very much better opportunity than an appellate court to determine their credibility.

[2] Another point made by the appellants is that the counsel for the respondents were guilty of prejudicial misconduct in persistently calling to the attention of the jury the assumed fact that the appellants were protected by insurance. It is possible that in a very gross case a court would be compelled to set aside a verdict where it appeared that the matter was brought to the attention of the jury in an effort to prejudice it in rendering its verdict. However, there is no question but that a litigant is entitled to a fair and unprejudiced jury. A litigant has the right to ask a juror on his examination whether or not he is a stockholder in, or otherwise interested in, an insurance company which is interested in the outcome of an action. If this were not the rule, it is manifest that a plaintiff might be compelled to accept a juror who was a stockholder in a company who had rendered itself liable for such damages as might be awarded the plaintiff. Whether the acts of the attorney for the respondents, taken in connection with the charge of the court to disregard them, amounted to error, it appears that the error was harmless. During the examination of Mrs. Murphy she was asked who arranged the exposure of her foot for the photograph thereof. In reply it was stated, without objection, that this was done by the

physician for the insurance company. We think this cured any error. It does not appear from the record that the attorney for the respondents had any ulterior or sinister motives in propounding his questions to the jury.

The next point made by the appellants is that the court erred in instructing the jury as to the burden of proof. The court fully, fairly, and completely instructed the jury that the burden of proof rested upon the respondents. There is no intimation in the instructions, so far as we can find, that this burden ever shifted. The instructions to which our attention is directed do not charge the jury that the burden of proof, to exonerate themselves by a preponderance of evidence, rests upon the appellants. (*Steele* v. *Pacific Electric Ry.*, 168 Cal. 375 [143 Pac. 718].)

There remains but one further point to be noticed in the case, and that is the instruction of the court with reference to nine of the jurors agreeing upon a verdict. With reference to this point it is sufficient to say that the jurors in this case were unanimous in their verdict in favor of the respondents. Therefore any error that may have been committed with reference to the nine jurors and their right to agree upon a verdict was immaterial. We do not wish to be understood as intimating that the instruction complained of is erroneous as an abstract principle; we leave the point undecided.

The judgment is affirmed.

Finch, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 31, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.