GEORGE H. LEONARD, administrator, *vs.* GEORGE H. FOWLE.

Norfolk.   January 29, 1926. — May 25, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Motor vehicle, In use of highway.  *Evidence,* Presumptions and burden of proof.

Where, at the trial of an action of tort against the operator of a motor vehicle for causing through negligence the death of the plaintiff's intestate, eight years and nine months of age, there was evidence that

as the defendant was driving his vehicle on a highway for a quarter of a mile in a thickly settled district, as defined and described in G. L. c. 90, §§ 1, 17, and was proceeding at the rate of twenty miles per hour, he saw, three hundred and thirty-seven feet ahead, boys standing beside a truck in the way, and sounded his horn; that the boys looked at him; that, without changing speed or direction, he came up to the truck, and that the left forward end of his motor vehicle struck the plaintiff's intestate as he was running along or across the way. *Held,* that

(1) A finding of negligence of the defendant was warranted;

(2) A finding of due care of the intestate was warranted.

TORT, with a declaration in two counts charging that negligence of the defendant caused conscious suffering and the death of the plaintiff's intestate, Francis Leonard, when he was eight years and nine months of age. Writ dated November 22, 1923.

In the Superior Court, the action was tried before *Callahan,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict for him be ordered. The motion was denied. There was a verdict for the plaintiff in the sum of $4,500 on the count for the causing of death. The defendant alleged exceptions.

*S. L. Solomont,* for the defendant, submitted a brief.

*R. W. Frost,* (*J. J. Leonard* with him,) for the plaintiff.

WAIT, J. The defendant contends that there was error in the refusal by the trial judge to direct a verdict in his favor.

There was evidence that, while driving at a rate of twenty miles per hour along a highway where for a distance of a quarter of a mile the houses were less than two hundred feet apart (G. L. c. 90, §§ 1, 17), he saw, three hundred and thirty-seven feet away, three boys standing in the street beside a truck. He sounded his horn and they looked at him. He came up to the truck without change of speed or direction and with the left forward end of the automobile struck the plaintiff's intestate as he was running along or across the way. Here is enough for a jury to find that he was careless in giving no further warning, maintaining his speed, and making no change in his course, in view of the probable conduct of small boys seen in the road ahead of him; and, since the boy saw him over three hundred feet away, it would justify a finding that the boy miscalculated the speed and was not careless

in starting to cross, relying in part on the defendant to govern his speed and direction so as not to strike him, or to give further warning if it was dangerous for him to proceed. *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232.

It is true that there was evidence that the boy had not seen the coming automobile and started away without looking; that another of the boys warned him, tried to stop him, and in fact did prevent a younger brother from following the intestate into an inevitable collision with the defendant's car; and that the only witness, other than the defendant, who saw the accident testified that the intestate darted in front of the car.

A verdict for the defendant might well have been expected from the evidence as it appears in print before us; but so long as there was testimony which, if believed, would justify a different result, the presiding judge could not rightly grant the defendant's motion for a directed verdict.    There was no error in the ruling.

*Exceptions overruled.*