[L. A. No. 8932. Department Two.—December 14, 1927.]

ALMUND SCHROEDER (a Minor), by G. W. SCHROE-
DER, Guardian ad Litem, Respondent, v. FRANK
BAUMGARTEKER, Appellant.

[1] NEGLIGENCE — PERSONAL INJURIES — CONTRIBUTORY NEGLIGENCE — CHILDREN—QUESTION OF FACT.—Whether or not children of the ages of eleven to thirteen years are to be held guilty of contributory negligence so as to prevent their recovery in an action for personal injuries sustained by them, is, in most cases, a question of fact for the jury, and where the trial court, with the evidence and witnesses before it, has ruled that the question as to whether or not the injured child was guilty of contributory negligence was a question of fact for the jury, its ruling in that regard will not be disturbed on appeal.

[2] ID.—PEDESTRIANS AND BICYCLE RIDERS—CARE—INSTRUCTIONS.—In an action for damages for personal injuries sustained by a boy of eleven years of age who, while riding a bicycle, was struck from behind by a trailer attached to a truck, there was no error in instructing the jury that pedestrians and bicycle riders have the same right as truck and automobile drivers to the use of the streets and bicycle riders are chargeable only with such ordinary

---

1. Contributory negligence of children as question for jury, notes, 14 **Am. St. Rep.** 594; 17 **L. R. A.** 79; **L. R. A.** 1917F, 84, 172. See, also, 19 **Cal. Jur.** 604; 20 **R. C. L.** 126.

2. Rights and duties of persons driving automobiles in highways with respect to persons on bicycles, note, 21 **Ann. Cas.** 656. See, also, 2 **R. C. L.** 1187. Duties and liabilities of drivers of automobiles in streets, notes, 5 **Ann. Cas.** 793; 6 **Ann. Cas.** 658, 922; 7 **Ann. Cas.** 351; 8 **Ann. Cas.** 1092. See, also, 2 **R. C. L.** 1182 et seq. See 3 **Cal. Jur.** 870–874, 879, 884, 890, 894; 2 **R. C. L.** 1192.

and reasonable care for their own safety as a prudent person of like age, intelligence, and experience would exercise under the same or similar circumstances, and the bicycle rider is not bound to assume that the drivers of trucks and trailers, or automobiles would act otherwise than in a careful and prudent manner, and they have the right to assume that such drivers will drive at a speed not greater than reasonable and proper, having due regard for the traffic and width and condition of the street; and that it is unlawful to drive at any speed, no matter how slow, that endangers life, limb, or property of any person upon the streets and that if one is riding a bicycle in the street he is not required by law to watch or look back for vehicles approaching from behind to avoid collision, or be run down from behind, but he has the right to assume that the vehicle approaching from the rear will not run him down, and that it will be so driven as not to endanger the life or limb of the bicycle rider.

(1) 4 **C. J.**, p. 844, n. 66, p. 858, n. 3; 42 **C. J.**, p. 1270, n. 45. (2) 38 Cyc., p. 1777, n. 64, p. 1779, n. 76.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walton J. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. T. Morrow and Henry L. Knoop for Appellant.

Bertrand J. Wellman for Respondent.

RICHARDS, J.—This appeal is from a judgment in favor of the plaintiff in the sum of four thousand dollars rendered upon the verdict of a jury in an action to recover damages for injuries sustained by the plaintiff, a boy of the age of eleven years, while engaged in riding a bicycle operated by his brother, who was of the age of thirteen years at the time of the accident in question, which accident arose out of the fact that these two boys were struck by a trailer attached to a truck which was being driven by an employee of the defendant and which truck and trailer approached the two boys from behind. The immediate cause of the accident apparently was the fact that the street along its course at and in the vicinity of the point of the collision was rough through the presence of ruts caused by vehicular traffic, and that the trailer attached to said truck in passing over and along these ruts swayed from side to side so far as to

strike the two boys while they were riding along said street on the proper side thereof and in such a position that they would have been safe but for the swaying of the trailer as the truck approached and was passing them from behind.

[1] The appellant devotes a large portion of his brief upon appeal to a discussion of the evidence in the case and particularly to that portion thereof upon which he predicates an argument that the injured plaintiff and his brother, who was killed in the collision were each guilty of contributory negligence as a matter of law. It is sufficient in response to the appellant's contention in that regard to say that the evidence with respect to the position and conduct of the two boys was in substantial conflict, and hence that the finding of the jury in that respect ought not to be disturbed upon appeal. But beyond this and in response to the argument that the plaintiff, upon the state of the evidence, as the appellant views it, should be held to have been guilty of contributory negligence as a matter of law, the current of authority is against that contention and is strongly in favor of the more humane view that the question as to whether or not children of the ages of these two boys are to be held guilty of contributory negligence so as to prevent their recovery in an action of this character is, in most cases, a question of fact for the jury, and that in cases wherein the trial court, with the evidence and witnesses before it, has ruled that the question as to whether or not the injured child was guilty of contributory negligence was a question of fact for the jury, its ruling in that regard will not be disturbed upon appeal. (*Mayne* v. *San Diego Elec. Ry. Co.*, 179 Cal. 173 [175 Pac. 690].)

[2] The next contention of the appellant is that the trial court was in error in giving certain instructions to the jury. The two instructions which he quotes as subject to his objection are numbered XI and XIV, which read as follows:

"XI.

"Pedestrians and bicycle riders have the same right as truck and automobile drivers to the use of the street and bicycle riders are chargeable only with such ordinary and reasonable care for their own safety as a prudent person of like age, intelligence and experience would exercise under

the same or similar circumstances, and the bicycle rider is not bound to assume that the drivers of trucks and trailers, or automobiles will act otherwise than in a careful and prudent manner, and they have the right to assume that such drivers will drive at a speed not greater than reasonable and proper, having due regard for the traffic and the width and condition of the street; and you are instructed that it is unlawful to drive at any speed, no matter how slow, that endangers life, limb or property of any person upon the street."

## "XIV.

"If one is riding a bicycle in the street he is not required by law to watch or look back for vehicles approaching from behind to avoid collision, or being run down from behind, but he has the right to assume that the vehicle approaching from the rear will not run him down, and that it will be driven in a careful and prudent manner with due regard for the width and condition of the street, and that it will be so driven as not to endanger the life or limb of the bicycle rider."

The appellant cites as sustaining his contention that these instructions are erroneous the case of *Starck* v. *Pacific Ry. Co.*, 172 Cal. 277 [51 L. R. A. 1916E, 58, 156 Pac. 51]. An examination of this case and also of the other cases which the appellant relies upon as supporting his said contention will show that the circumstances in each of the cases, while such as to justify the ruling of the court that the instructions therein given were to be criticised, arose out of facts and circumstances entirely different from those presented in the case at bar. Instructions in all cases are to be measured as to their appropriateness and correctness by the particular facts and circumstances of the case in which they are given. Applying this rule to the particular facts and circumstances under which the foregoing instructions were given, we are satisfied that they are not subject to the criticism which the appellant directs against them; and while it may be true that they may not contain all the elements which should enter into instructions of this character, when they are examined in the light of the entire body of instructions which were given by the court to the jury and which quite fully and fairly seem to state the law of negligence applicable to cases of this character,

are not to be held so far erroneous or incomplete as to justify a reversal of the case.

As to the appellant's objection to the rulings of the court on the admission of evidence, we find upon a careful examination of the record that they are without substantial merit.

The judgment is affirmed.

Shenk, J., and Langdon, J., concurred.

Hearing in Bank denied.