[L. A. No. 9210.   Department Two.—February 24, 1928.]

CLAUDIAN BANNISTER, Appellant, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Respondent.

B. J. Bradner and R. C. Gortner for Appellant.

Gibson, Dunn & Crutcher, Philip C. Sterry and Norman S. Sterry for Respondent.

RICHARDS, J.—This is an appeal by the plaintiff from the judgment of the trial court made and entered after it had granted the motion of the defendant for a nonsuit at the close of all of the evidence in the case.  The action was one for damages for injuries sustained by the plaintiff through the alleged negligence of the defendant in the operation of one of its cars on and along Spring Street at its intersection with Fifth Street in the city of Los Angeles. The accident occurred on May 17, 1924, at or about the hour of 1:45 P. M., while the plaintiff with others, was in the act of traversing the crossing at Spring Street on the

north side of Fifth Street, and while so doing was struck by the defendant's car while it was going south on Spring Street and was in the act of traversing the intersection of the two streets. At said time there were ordinances in force in the city of Los Angeles regulating travel and traffic at the intersections of its business streets, by the terms of which, generally speaking, street-cars and vehicle traffic were required to stop when certain signals indicated that the transverse travel and traffic were to go on. Upon the trial of the cause before a jury the plaintiff and several of her witnesses testified that she, with several others, started to cross Spring Street at the above crossing when the traffic signals indicated that foot-passengers and vehicular traffic proceeding in the same direction with herself were to "go"; that when she started she looked to the northward and saw the street-car, which presently struck her, standing still and receiving and discharging passengers; that she paid no further attention to it and heard no warning signals from it until she was struck by it in the middle of the street. At the close of the plaintiff's case, wherein the above facts were shown, the defendant made a motion for nonsuit, which the trial court denied; whereupon the defendant produced the motorman of its car and certain passengers thereon and other witnesses, who testified that the car was in motion and in the act of crossing said intersection when the stop signals were shown, and which evidence tended, if believed, to contradict the evidence given by the appellant's witnesses in the foregoing regard. Some of these witnesses also testified that warning signals on the car were given as the car entered the intersection and up to the moment of its collision with the plaintiff. It thus clearly appears that when the evidence on both sides was in and the cause was ready for submission to the jury the evidence, taken as a whole, was clearly and substantially conflicting upon the main issues in the case. Under these circumstances and at the close of the whole case the defendant again moved the court to grant a nonsuit upon the ground that the plaintiff had failed to prove a sufficient case for the jury, and also upon the ground that the plaintiff was guilty of contributory negligence as a matter of law. The trial court granted said motion upon both grounds and entered its judgment accordingly in favor of the defendant. The sole question

presented for consideration upon this appeal is as to whether or not the trial court was guilty of an abuse of discretion in granting said motion for nonsuit.

The rule governing the power and propriety on the part of the trial judge in the matter of granting a nonsuit at the conclusion of the whole testimony in the case is clearly and correctly stated in the *Matter of Estate of Caspar*, 172 Cal. 147 [155 Pac. 631], wherein it is declared to be the rule that the right of the court to direct a verdict and the right of the court to grant a nonsuit at the conclusion of the evidence in the case are absolutely the same, and that the court may grant such a nonsuit only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled and indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff if such verdict were given. The foregoing rule is fully supported by the authorities which are cited in the foregoing case in support of it. The court, after referring to these authorities, sums up the rule to be the following: That if the plaintiff present evidence of so substantial a character as that, notwithstanding the conflict raised by the defendant's evidence, it would support a verdict in favor of the plaintiff, it would have been error for the court to have granted a motion for nonsuit, and it would have been error on the part of the court to direct a verdict for the defendant. Applying the foregoing rule to the facts of this case we are led to the inevitable conclusion that the trial court abused its discretion in granting the defendant's motion for nonsuit at the close of the evidence in the case, and this conclusion applies equally to both grounds upon which the motion for nonsuit was made and granted, since as to the latter ground, namely, the contributory negligence of the plaintiff, the evidence was also sharply in conflict, and this being so it is the general rule that the question of the plaintiff's contributory negligence is a question of fact for the jury.

It follows from the foregoing conclusions that the judgment rendered and entered in favor of the defendant must be reversed, and it is so ordered.

Langdon, J., and Shenk, J., concurred.