[Civ. No. 7656. First Appellate District, Division One.—December 16, 1930.]

EUGENE HUNT, Appellant, v. LOS ANGELES RAIL-WAY CORPORATION (a Corporation), Respondent.

458

Bertrand J. Wellman for Appellant.

Gibson, Dunn & Crutcher and Malcolm Davis for Respondent.

THE COURT.—An appeal by the plaintiff from a judgment entered on a directed verdict in favor of defendant Los Angeles Railway Corporation.

The plaintiff was the father of Gillard Hunt, a minor, who was run over and killed by a motor-bus operated by the defendant. The complaint alleged that his death was due to the negligent operation of the bus; the defendant denied the negligence alleged, and as a separate defense averred

contributory negligence on the part of the minor. At the close of the evidence the court on motion directed the jury to return a verdict for the defendant.

It is urged as grounds for the appeal that in view of the evidence the case should have been submitted to the jury.

The accident happened on September 15, 1925, at about 5 o'clock P. M. The boy, who was about eleven years old, was riding a bicycle in a southerly direction along LaBrea Avenue in Los Angeles. The motor-bus was following him on the same avenue and at a point between Eighth and Ninth Streets, which intersect the avenue, overtook him. The testimony was conflicting as to whether the boy fell to the pavement in front of the bus, or turned the bicycle to the left so that he was struck by the vehicle. The distance between the bicycle and the bus when the latter was about to pass was variously estimated. The driver estimated it was about four feet, and the estimates of other witnesses varied from two or four feet. It is certain, however, that the bus passed so close to the left of the bicycle that a slight swerve by the rider to the left was likely to cause him injury. According to the testimony the boy was warned of the imminent approach of the bus by a young girl standing on the sidewalk south of the point where the collision occurred. He thereupon turned his body and head to the left and looked in the direction of the oncoming bus, and at the same time, according to some of the witnesses, swerved the bicycle to the left sufficiently to be struck by the front of the vehicle. Several witnesses also testified that upon discovering the proximity of the bus he appeared to be greatly frightened. ██ The driver of the bus testified that he sounded a warning before the collision, but how long before he did not say. All the other witnesses, however, who were questioned on the subject—several of whom were passengers on the bus—testified that they heard no warning sounded. The fact that there was positive testimony on the subject did not conclusively establish that a warning was given; it merely created a conflict; and the evidence was sufficient to sustain a finding to the contrary (*Thompson* v. *Los Angeles etc. R. Co.*, 165 Cal. 748 [134 Pac. 709]; *Young* v. *Pacific Elec. R. Co.*, 208 Cal. 568 [283 Pac. 61]). The driver further testified that the speed of the bus at the time of the accident was fifteen to eighteen miles per

hour, but a witness who was following in an automobile estimated the speed at about twenty-five miles an hour. The latter speed in a business or residence district was in excess of that permitted by law (Motor Vehicle Act, sec. 113; Stats. 1923, pp. 517, 553, 554; Stats. 1925, pp. 398, 412, sec. 14).

█ The defense of contributory negligence may be invoked in an action by a parent to recover damages for the death of a child where the latter was of an age sufficient to exercise discretion for the avoidance of injury (*Studer* v. *Southern Pac. Co.*, 121 Cal. 400 [66 Am. St. Rep. 39, 53 Pac. 942]). But a child is not held to the same degree of care as an adult, and is only required to exercise the degree of care which is ordinarily exercised by minors of like age, mental capacity and discretion. █ There is no precise age at which as a matter of law a child is to be held accountable for his actions to the same extent as one of full age. The question as to the capacity of a particular child at the time to exercise care to avoid a particular danger is one of fact falling within the province of the jury to determine (*Cahill* v. *E. B. & A. L. Stone Co.*, 167 Cal. 126 [138 Pac. 712, 717]). The rule has been applied in cases where the age of children sought to be charged with contributory negligence varied from twelve to fourteen years (*Cahill* v. *Stone Co., supra; Bowdoin* v. *Southern Pac. Co.*, 178 Cal. 634 [174 Pac. 664]; *Morris* v. *Standard Oil Co.*, 188 Cal. 468 [205 Pac. 1073]; *Schroeder* v. *Baumgarteker*, 202 Cal. 626 [262 Pac. 740]; *Greeneich* v. *Knoll*, 73 Cal. App. 1 [238 Pac. 163]).

█ Bicycle riders have the same right as automobile drivers to the use of the streets, and the former are chargeable only with such ordinary care for their own safety as a prudent person of like age, intelligence and experience would exercise under the same or similar circumstances (*Schroeder* v. *Baumgarteker, supra*). █ Nor is a child in a public street a trespasser, his right there being the same as the operator of an automobile or other vehicle (*Wong Kit* v. *Crescent Creamery Co.*, 87 Cal. App. 563 [262 Pac. 481]).

█ While the accident appears to have occurred in a business district, and under ordinary circumstances the

driver of the bus would not be required to give warning before passing the bicycle (Motor Vehicle Act, sec. 125, Stats. 1923, p. 557), nevertheless, the statute required him to drive with due caution and circumspection, and forbade the operation of the bus in a manner endangering the life or limb of any person (Motor Vehicle Act, sec. 121; Stats. 1923, p. 557). And it has been held to be the duty of the driver to sound the horn when the conditions are such as to require timely warning of the approach of the automobile (*Dullanty* v. *Smith,* 203 Cal. 621 [265 Pac. 814]; *McManus* v. *Arnold Taxi Corp.,* 82 Cal. App. 215 [255 Pac. 755]). Nor under such circumstances does the fact that the operation of the automobile is productive of noise relieve the driver of the duty to give warning where it appears that persons rightfully using the highway are unaware of his approach (*Devecchio* v. *Ricketts,* 66 Cal. App. 334 [226 Pac. 11]).

 Conduct which might otherwise constitute negligence on the part of a child may not be so considered where its acts or omissions were done or omitted in an emergency calculated to produce fright, bewilderment or confusion (45 Cor. Jur., Negligence, sec. 559, p. 1011); and while a driver in approaching a child upon a street or highway is not bound to guard against every possible contingency, nevertheless, where he sees a child in a place of danger, or might reasonably apprehend that if approached without warning the child would through fright or bewilderment place itself in a place of danger, it is his duty to keep his car under such control as would be reasonably necessary to avoid a collision (*Silberstein* v. *Showell etc. Co.,* 267 Pa. St. 298 [109 Atl. 701]; *Leonard* v. *Fowle,* 255 Mass. 531 [152 N. E. 240]; *Chaar* v. *McLoon,* 304 Mo. 238 [263 S. W. 174]; *Metcalf* v. *Romano,* 83 Cal. App. 508 [257 Pac. 114]). As has been held with respect to the conduct of adults under similar circumstances, if the negligence of the defendant caused fear and loss of presence of mind on the part of the injured person so as to impel him to rush into danger, his mere error or mistake of judgment does not necessarily constitute contributory negligence as a matter of law (*Raymond* v. *Hill,* 168 Cal. 473 [143 Pac. 743]; *Hatzakorzian* v. *Rucker-Fuller Desk Co.,* 197 Cal. 82 [41

A. L. R. 1027, 239 Pac. 709]; *Randolph* v. *Hunt,* 41 Cal. App. 739 [183 Pac. 358]).

Respondent cites numerous decisions in support of its contention that the child, by his failure to observe the approaching bus, or to follow a direct course, or give the signal required by law if he intended to turn, was necessarily guilty of contributory negligence. These cases, however, involved the acts of adults and not of children. ▮ The child proceeded from a point about half a block north of the place where the accident occurred. There is no evidence that he looked to the north before mounting his bicycle, or that if he had he would necessarily have seen the bus; and there was no duty to do so after he had proceeded on his course (*Hatzakorzian* v. *Rucker-Fuller Desk Co., supra*). ▮ While it is the rule that persons using the streets must anticipate and be prepared for the presence of vehicles thereon, and it is also the duty of operators of vehicles to give the proper signals before turning (*Litherbury* v. *Kimmet,* 183 Cal. 24 [195 Pac. 660]), the evidence tends to show that the turn to the left was due to the bewilderment of the child; and considering his age, the speed of the bus, the evidence that no warning was given by the driver, and the condition of fright into which he was apparently thrown by the sudden appearance of the vehicle, the question of his negligence was, we think, properly one to be determined by the jury.

▮ Nor is there any merit in the argument that the warning by the young girl mentioned must have been the sole proximate cause of the accident. Where the injury results from two separate and distinct acts by different persons operating simultaneously and concurrently, both are the proximate cause; and this question was also one for the jury (*Merrill* v. *Los Angeles G. & E. Co.,* 158 Cal. 499 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534]; *Katz* v. *Helbing,* 205 Cal. 629 [62 A. L. R. 825, 271 Pac. 1062]; *Parkin* v. *Grayson-Owen Co.,* 25 Cal. App. 269 [143 Pac. 257]).

It has been held that the action of a trial court in determining whether a child was sufficiently familiar with the dangers incident to his acts or omissions to render him guilty of contributory negligence, and in granting or deny-

ing a motion for nonsuit on that ground, will not be disturbed on appeal in the absence of a clear abuse of discretion (*Wallis* v. *Great Western Power Co.*, 204 Cal. 15 [266 Pac. 281]). In the case cited—which was one to recover for the death of a boy twelve years of age—it appeared that the deceased had climbed upon an electric power-pole thirty-three feet in height, which carried a high-voltage cable, with which he came in contact and was killed. In view of these facts, it was held that there was no abuse of discretion in granting a nonsuit. The court referred to *Mayne* v. *San Diego Elec. R. Co.*, 179 Cal. 173 [175 Pac. 690], wherein the above rule was declared, and in which it appeared that a boy about eight years of age was struck by defendant's car while attempting to cross the track in the middle of the block. It was claimed that defendant was negligent in keeping the roadbed alongside of the track in repair, due to which the boy stumbled and fell in front of the car. One of the defenses was the alleged contributory negligence of the child. A motion for an instructed verdict was denied. In affirming the judgment, which was for the plaintiff, the court, following *Cahill* v. *Stone Co.*, *supra*, held that there was no precise age at which as a matter of law a child is to be held accountable for his actions to the same extent as one of full age, and further, quoting from *Foley* v. *California Horseshoe Co.*, 115 Cal. 184 [56 Am. St. Rep. 87, 47 Pac. 42], that "these matters and the further question whether the minor duly exercised such judgment as he possessed, must, therefore, as a general rule, be left as questions of fact for the jury's determination, and it would be an exceptional case which would present them as unmixed questions of law for the determination of the court".

Although the child appears to have been used to operating his bicycle over city streets, and also to have been of the average intelligence of children of his age, nevertheless, we think under the above rule the question of his negligence was one for the jury. To justify a directed verdict it must appear that no other reasonable conclusion than that defendant was entitled to judgment was legally deducible from the evidence, and that any other holding would be so lacking in evidentiary support that an appellate

court would be bound to reverse it on appeal (*Bannister v. Los Angeles R. Corp.*, 203 Cal. 427 [264 Pac. 756]; *Young v. Pacific Elec. R. Co., supra*).

The evidence was reasonably sufficient to have supported a verdict for the plaintiff; and in view of the law the order directing a verdict for the defendant was erroneous.

The judgment is reversed.