[Civ. No. 7527. First Appellate District, Division One.—June 30, 1931.]

JOSEPH THOMAS BARRETT, a Minor, etc., Respondent, v. EVA HARMAN et al., Appellants.

B. P. Gibbs, Barry J. Colding, Theodore Hale and Carroll B. Crawford for Appellants.

Vincent W. Hallinan and James J. Roach for Respondent.

THE COURT.—The above action was brought by plaintiff, a minor, to recover damages for physical injuries alleged to have been caused by the negligent operation of an automobile by defendant Eva Harman. The complaint alleged also that the automobile was owned by defendant corporation and was being operated by its permission. Defendants denied the allegations of negligence, and averred that plaintiff's negligence proximately contributed to his injuries. The jury returned a verdict against both defendants in the sum of $3,500, and from the judgment entered thereon they have appealed.

As grounds for the appeal it is urged that the evidence shows as a matter of law that plaintiff was guilty of contributory negligence; that by reason of the misconduct of plaintiff's counsel defendants were prevented from having a fair trial; that the verdict was excessive and that the complaint failed to state a cause of action against defendant corporation.

Mission and Twenty-second Streets in San Francisco intersect, and at the place of intersection Mission Street runs north and south and Twenty-second Street east and west. The injuries complained of occurred at about 9:30 o'clock P. M. on October 11, 1929, while the plaintiff, a boy eleven years of age, was attempting to cross Mission Street from the southeast to the southwest corners of the intersection mentioned. There were traffic signs at this corner consisting of red and green lights. According to the evidence, when plaintiff started to cross the signals stopping traffic on Mission Street and allowing traffic to proceed on Twenty-second Street had been given. When he reached a point

about midway between the corners of the intersection and while within the path marked out for pedestrians defendant Harman, who was operating an automobile in a northerly direction along Mission Street, disregarded the warning signals and drove into the intersection, striking the plaintiff and causing his injuries. It was also testified that another automobile was parked on the east side of Mission Street a few feet south of the intersection, and that defendant Harman in approaching drove to the west of the same, entering the intersection at about the center of Mission Street. Defendant Harman testified that she failed to see the plaintiff until he was struck, and there was testimony tending to prove that she had been drinking intoxicants shortly before the accident. Furthermore, there was evidence of her admission shortly after the accident that she was at fault. According to the plaintiff, before attempting to cross he looked in both directions along Mission Street but saw no approaching automobile and did not see defendant's car before the collision.

The defense of contributory negligence may be invoked in an action by or on behalf of a child where the latter was of an age sufficient to exercise discretion for the avoidance of injury; but a child is not held to the same degree of care as an adult, and is only required to exercise that degree of care which is ordinarily exercised by minors of like age, mental capacity and discretion. There is no precise age at which as a matter of law a child is to be held accountable for his actions to the same extent as one of full age, and the question as to the capacity of a child at a particular time to exercise care to avoid a particular danger is one of fact for the jury (*Cahill* v. *E. B. & A. L. Stone Co.*, 167 Cal. 126 [138 Pac. 712]). And the rule has been applied where the child sought to be charged with contributory negligence was considerably older than the plaintiff in the present case (*Cahill* v. *E. B. & A. L. Stone Co., supra; Bowdoin* v. *Southern Pac. Co.*, 178 Cal. 634 [174 Pac. 664]; *Morris* v. *Standard Oil Co.*, 188 Cal. 468 [205 Pac. 1073]; *Schroeder* v. *Baumgarteker*, 202 Cal. 626 [262 Pac. 740]; *Greeneich* v. *Knoll*, 73 Cal. App. 1 [238 Pac. 163]). The presumption is that the child was at all times exercising due care for its own safety (Code Civ. Proc., sec. 1963, subd. 4). Until overcome, the presumption was evidence in accordance with

which the jury was bound to decide (*Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 82 [41 A. L. R. 1027, 239 Pac. 709; *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529]). ██ Here the child was upon the street at a place where he had a right to be and where pedestrians were expected to cross. He had looked in both directions and had obeyed in every respect the traffic signals. The implied finding was against the plea of contributory negligence, and the evidence was amply sufficient to sustain the conclusion of the jury.

██ Counsel for plaintiff in his examination of several of the jurors on their *voir dire* asked the following questions: "Do you own any stocks or bonds in any insurance company insuring drivers of automobiles for negligence?" "Do you own any stocks or bonds in any insurance company?" "Have any of you owned any stocks or bonds in any insurance company insuring drivers of automobiles for negligence?" These questions are assigned as prejudicial misconduct.

While it has been held that questions of this character must not be asked for the purpose of informing the jury that the defendant is insured (*Eldridge* v. *Clark & Henery Const. Co.*, 75 Cal. App. 516 [243 Pac. 43]), nevertheless it is well settled that it is proper for counsel to ask of each juror whether he is interested in any insurance company insuring against liability for negligence (*Arnold* v. *California Portland Cement Co.*, 41 Cal. App. 420 [183 Pac. 171]; *Williamson* v. *Hardy,* 47 Cal. App. 377 [190 Pac. 646]; *Murphy* v. *Shaffer,* 58 Cal. App. 453 [208 Pac. 1003]; *Potter* v. *Driver,* 97 Cal. App. 311 [275 Pac. 526]; *Dermer* v. *Pistoresi,* 109 Cal. App. 310 [293 Pac. 78]). Moreover, the court instructed the jury that "no insurance is an issue in this case, and no insurance company is a party to this case, so we are not concerned with insurance at all, and the jurors will ignore any reference to insurance". There is nothing in the record which indicates bad faith in asking the questions, and the court's instruction was sufficient to remove any prejudicial effect upon the minds of the jurors (*Nichols* v. *Nelson,* 80 Cal. App. 590 [252 Pac. 739]).

██ It is also complained that plaintiff's counsel was guilty of misconduct in intimating to the jury that defendant Harman was intoxicated at the time of the accident. A

witness was asked if he detected the odor of liquor upon her breath, and answered in the affirmative, but the record discloses nothing more. This evidence was competent (*Finn* v. *Sullivan*, 110 Cal. App. 38 [293 Pac. 639]), and misconduct cannot be predicated upon the fact that the question was asked.

The testimony shows that plaintiff's head struck the pavement, causing concussion of the brain, the cutting of the salivary gland and numerous lacerations of the face and scalp. He was confined to his bed for three weeks. A physician who treated him testified that there was a possibility of future ill effects from the concussion, and that the effects described by the child and his mother might have been caused by the injury. According to the plaintiff, he continues to suffer from dizziness and impaired sight, and his mother also testified to the same effect. The verdict of a jury on the subject of damages cannot be set aside unless so plainly excessive as to warrant the conclusion that it was the result of passion or prejudice (*Perry* v. *Angelus Hospital Assn.*, 172 Cal. 311 [156 Pac. 449]; *Anstead* v. *Pacific Gas & Elec. Co.*, 203 Cal. 634 [265 Pac. 487]). There is no absolute rule for determining whether a verdict is excessive (*Morgan* v. *Southern Pac. Co.*, 95 Cal. 501 [30 Pac. 601]), and awards cannot be so held as a matter of law simply because the amount may be larger than is ordinarily allowed in such cases (*James* v. *Oakland Traction Co.*, 10 Cal. App. 785 [103 Pac. 1082]). As was said in *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 254 [116 Pac. 513, 520], "the only means of discovering the existence of passion or prejudice as influencing the verdict is by comparing the amount of the verdict with the evidence before the trial court. To say that the verdict has been influenced by passion or prejudice is but another way of saying that the verdict exceeds any amount justified by the evidence. The question in the first instance is for the trial court; and in considering an attack upon a verdict as excessive the reviewing court must treat every conflict in the evidence as resolved in favor of the respondent, and give him the benefit of every inference that can be reasonably drawn in support of his claim."

It was held in *Davis* v. *Renton*, 99 Cal. App. 264 [278 Pac. 442], that an award of $5,000 for similar injuries was excessive. In that case the court pointed out that it did not

appear that the subsequent conditions described were due to the physical injuries received; and held that under the evidence the verdict was excessive. In the present case there was evidence tending to prove serious after-effects caused by the injury to the child's head; and we cannot say in view of the evidence that the injuries suffered were not of a permanent character, or that the verdict is so plainly excessive as to warrant the conclusion that it was the result of passion or prejudice.

In addition to the allegations of negligence on the part of defendant Harman it was alleged and admitted that defendant was the owner of the automobile and that the same was being used by its permission. It is claimed that section 1714¼ of the Civil Code (Stats. 1929, p. 566), under which the action is maintained against the corporation defendant, violates the provisions of section 11 of article I of the Constitution that all laws of a general nature shall have a uniform operation, and that the demurrer of this defendant to the complaint should have been sustained. The code section imputes to the owner of a motor vehicle the negligence of any person operating the same with the owner's permission. No such rule applies to the owners of vehicles not so propelled, and it is claimed that there is no reasonable basis for the distinction. This contention is fully answered in *Heron* v. *Riley,* 209 Cal. 507 [289 Pac. 160], upholding the constitutionality of section 1714½ of the same code, and requires no further discussion.

The conclusions of the jury appear to be fully sustained, and no error is shown which would justify a reversal of the judgment. The judgment is affirmed.