[Civ. No. 9219.   Second Appellate District, Division Two.—January 31, 1935.]

MYRTLE KILLOUGH, Respondent, v. LEWIS E. LEE et al., Appellants.

Gibson, Dunn & Crutcher and Philip C. Sterry for Appellants.

Russell H. Pray for Respondent.

WILLIS, J., *pro tem.* — Respondent, as widow, brought suit for damages for the death of her husband which she alleged resulted from injuries inflicted by a passing automobile truck and trailer owned by Miller & Phillips Trucking Company and operated at the time of injury by Thomas S. Phillips, a defendant herein, which truck at about the same time had run into the rear of an automobile belonging to appellant Mrs. Lewis E. Lee and being at the time operated by her husband, appellant Lewis E. Lee. All four of the above named parties were joined as defendants, all and each being charged with negligence in general terms. Separate answers of the two groups of defendants contained denials of negligence and a plea of contributory negligence. After trial before a jury a verdict was rendered against all

four parties, and from the judgment entered thereon Lewis E. Lee and Mrs. Lewis E. Lee have appealed. The record consists of a transcript containing the judgment roll and a bill of exceptions.

The questions raised and presented by appellants comprise two general propositions: (1) sufficiency of the evidence to sustain the verdict against these appellants and (2) errors in giving and refusing certain instructions.

The accident from which this case arose was unusual, and it appearing that the parties in their briefs cannot agree with each other's statement of facts, we have carefully read and studied the bill of exceptions to the end that we might secure a clear understanding of the facts as set forth therein. ▮▮▮ We are of the opinion, and so hold, that the evidence adduced by plaintiff was such that different inferences might be drawn therefrom, one of which would establish a case of negligence on the part of these appellants proximately resulting in the injury and death of deceased. Under this state of the proofs it was incumbent on the trial court to deny the motion of appellants for nonsuit. Upon conclusion of the evidence there was much conflict appearing therein, and the opportunity for drawing different inferences therefrom was equal to the several situations in which the conflicting evidence possibly placed the parties. This second state of the evidence, therefore, required the trial court to deny the motion of appellants for a directed verdict. ▮▮▮ It appears from the record that the jury determined that the deceased, who was without fault, while standing near the edge of the paved portion of the highway, was struck by one of the colliding vehicles as a direct result of such collision, and that such collision was the result of the concurrent negligence of the drivers of both vehicles in operating their respective machines. We find ample support in the evidence to sustain the verdict rendered against appellants.

▮▮▮ Appellants complain of instruction number XII, given at plaintiff's request, on the ground that the language thereof constituted an invasion of the province of the jury by assumption of a fact. Fairly interpreted, this instruction is not open to the objection specified. It prefaces the statement claimed to be a statement of fact with the words "If you further find", which clearly leaves the jury free

to exercise its prerogative of decision of the facts referred to. (*Baillargeon* v. *Myers,* 180 Cal. 504, 510 [182 Pac. 37]; *Freeman* v. *Adams,* 63 Cal. App. 225 [218 Pac. 600].)

Appellants' requested instruction number I was refused. While this instruction is not subject to any objection as to its form or contents and might well have been given, yet we cannot say that its refusal by the court caused any prejudice to appellants. In several other instructions given the same point is covered, and the jury clearly instructed therein that if the negligence of defendant Phillips in the operation of his truck was the sole cause of the collision between the truck and the Cadillac, then appellants were entitled to a verdict in their favor.

Instructions numbered VII and VIII, given at plaintiff's request, are complained of. They contain a statement of the presumption that deceased at the time of injury took ordinary care of his own concerns. Under the facts of this case these were proper instructions. No one saw deceased move from the position of safety which he occupied near the rear of his car, yet he was found fatally injured at about the same spot immediately after the truck and trailer had passed and left him exposed to the view of others. In the absence of evidence showing what he did, if anything, he was presumed to have taken ordinary care for his own safety (sec. 1963, subd. 4, Code Civ. Proc.), and instructions embodying such presumption were proper to give. This presumption is evidence, and may in certain cases outweigh positive evidence adduced against it. (*Fortier* v. *Hogan,* 115 Cal. App. 50 [1 Pac. (2d) 23].) Nor is there any merit in the contention that the language therein, "This presumption is in itself a species of evidence and it shall prevail and control your deliberations until and unless it is overcome by other evidence", had the effect of instructing the jury that the burden was cast upon defendants to overcome the presumption of due care by a preponderance of the evidence. The burden of establishing contributory negligence of deceased was cast upon appellants, and these instructions were given in connection with that subject. Contributory negligence must be established by a preponderance of the evidence. It is recognized law that the presumption in question is evidence, subject to being controverted; and until controverted it is evidence in accordance with which

the jury is bound to decide (*Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 82, 97 [239 Pac. 709, 41 A. L. R. 1027]), and unless overcome and dispelled by other proofs the presumption that deceased exercised due care for his safety is an established fact. (*Smellie* v. *Southern Pacific Co.*, 212 Cal. 540, 549 [299 Pac. 529]; *Barrett* v. *Harman*, 115 Cal. App. 283, 286 [1 Pac. (2d) 458].)

█ Appellants' requested instruction number II was properly refused. If the instruction was intended to convey the idea that appellants would not be liable for injuries received in the first accident to deceased, it entirely failed in that respect. The literal effect of the language used is that any negligence of deceased in connection with the first collision with Craig's Hudson which caused or contributed to his injuries in the slightest degree, would bar recovery for injuries received in the second accident which is the subject of this action. Manifestly any negligence of deceased in his collision with Craig would be wholly irrelevant in a controversy over a subsequent accident involving deceased and other parties.

We have carefully examined the record of the colloquy between the court and jurors and the instructions given on the occasion of the jury's return to court for instruction, and fail to find anything therein which could in anywise prejudice appellants.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 1, 1935.