[Civ. No. 33615.   Second Dist., Div. One.   July 7, 1969.]

LORINE F. (TONI) PEOPLES, Plaintiff and Respondent, v. WILLARD TAUTFEST et al., Defendants and Appellants.

Tredway & Brandmeyer and Harold T. Tredway for Defendants and Appellants.

McCray & McCray and Dennis M. Alevizon for Plaintiff and Respondent.

THOMPSON, J.—Respondent filed a complaint against appellants alleging that Willard Tautfest had published false statements that respondent "served liquor to some boys and ruined them" and that appellant Rowland had published a false statement that "Mrs. Peoples has been proven guilty."[1] The complaint alleged that the acts of appellants were done maliciously and sought general and punitive damages. Tautfest filed an answer in the form of a general denial and the allegation of the affirmative defenses of truth and privilege in that his statements were made in the course of legislative proceedings. Rowland filed an answer denying the allegations of the complaint.

At a trial before a jury, the evidence adequately supported respondent's allegation of the publication of the defamatory matter by appellants.[2] The evidence also disclosed that respondent had been recreation director of the City of Bell Gardens until September 2, 1965, when she was discharged for "insubordination." The discharge of respondent became the subject of controversy within the City Council of Bell Gardens. That controversy and others culminated in a recall campaign directed against Councilwoman Lynn Paul, a supporter of respondent. The defamatory statements upon which respondent's cause of action is founded were made by appellants in the course of obtaining signatures upon petitions designed to institute the recall.

After both respondent and appellants had rested and after argument, appellants proposed three jury instructions: one stating that a public official cannot recover for a defamatory falsehood relating to official conduct unless he proves that the statement was made with actual malice, i.e., with knowledge that it was false or with reckless disregard of whether it was false or not; a second stating the rationale of the privilege pertaining to comment concerning public officials; and the third restating the proposition that where the privilege applies the person defamed cannot recover without proof of actual malice.[3] The instructions were refused by the trial

---

[1]The complaint was dismissed as to named defendants not now before the court. A second cause of action for malicious prosecution was also dismissed.

[2]Appellants raise no issue of the sufficiency of the evidence to support these allegations.

[3]"[a] The 'public official' designation applies at the very least among those of the hiarch [sic] of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs. Where a position in government has such an apparent responsibility that the public has an independent

judge. The jury returned a verdict of $7,500 against each appellant. Their motions for judgment notwithstanding the verdict and for a new trial were denied and judgment was entered. This appeal followed.

## Appellants' Contentions on Appeal

Appellants now contend: (1) the trial court erroneously denied their motion for judgment notwithstanding the verdict in that respondent's complaint fails to state a cause of action; (2) the verdict is unsupported by evidence of actual malice and such evidence is required to sustain a verdict awarding damages for defamation of a public official;[4] (3) the trial court erred in not giving the three jury instructions requested by appellants; and (4) the trial court erred in overruling objections to evidence made by appellants and in sustaining an objection to evidence interposed by respondent. We conclude that appellants' contentions are not supported by the record.

## Sufficiency of Complaint

Appellants argue in effect that a person who in fact occupies the status of a "public official" as the term is used in the law of defamation must recognize that status in preparing and filing his complaint for defamation. Thus appellants contend that the complaint in the case at bench is defective

interest in the qualifications and abilities of the person who holds it, beyond the general public interest in the qualifications of all government employees, a public official cannot recover damages for a defamatory falsehood relating to official conduct unless the public official proves that the statement was made with actual malice, that is, with knowledge that it was false or with reckless disregard of whether it was false or not."

"[b] The public official rule protects the paramount interest in a free flow of information to the public concerning public officials, their servants and employees. That this and anything which might touch on an an official's fitness for office is relevant."

"[c] The United States constitutional guarantees require a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to official conduct unless the public official proves that the statement was made with 'actual malice'. That is with knowledge that it was false or with reckless disregard of whether it was false or not."

[4]In their reply brief, appellants have added a new contention: that the evidence discloses that as a matter of law the "public figure" privilege enunciated in *Curtis Publishing Co.* v. *Butts*, 388 U.S. 130 [18 L.Ed.2d 1094, 87 S.Ct. 1975], is applicable to bar liability. We reject the contention because it comes too late. Points raised for the first time on reply brief need not be considered by us unless good reason is shown for the failure to present them on opening brief. (3 Witkin, Cal. Procedure (1954) Appeal, § 155, p. 2341 and cases there cited.) Appellants have made no effort to show such reason.

for its failure to allege facts of actual malice in the "federal rule" sense although: (1) such facts are not necessary to the statement of a cause of action by one who is not a public official; and (2) there are no facts alleged in the complaint from which it can be inferred that respondent was a public official. We do not accept appellants' novel argument. The sufficiency of a complaint is to be tested by its allegations and not by what theoretically might have been alleged.

### Sufficiency of Evidence to Support Verdict

Appellants concede the adequacy of evidence before the jury to support its implied findings that appellants published false and defamatory statements concerning respondent. They contend, however, that their motion for judgment notwithstanding the verdict should have been granted because the testimony establishes that respondent was a "public official" and there is no substantial evidence to support the finding of malice that is necessary to an actionable defamation committed against one who occupies that status. That contention correctly states the abstract principle of law but incorrectly applies it to the record of the case at bench.

The federal Constitution "delimits a State's power to award damages for libel in actions brought by public officials against critics of their official conduct." (*New York Times Co.* v. *Sullivan,* 376 U.S. 254, 283 [11 L.Ed.2d 686, 708, 84 S.Ct. 710].)

"The constitutional guarantees require . . . a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." (*New York Times Co.* v. *Sullivan, supra,* 376 U.S. 254, 279 [11 L.Ed.2d 686, 706].)

The rule of *New York Times Co.* v. *Sullivan* is denominated by the United States Supreme Court as one of privilege. (*New York Times Co.* v. *Sullivan, supra,* 376 U.S. 254, 282 [11 L.Ed.2d 686, 707-708]; *Rosenblatt* v. *Baer,* 383 U.S. 75, 88 [15 L.Ed.2d 597, 606-607, 86 S.Ct. 669].) The defense of privilege to a charge of defamation is an affirmative one which must be specifically pleaded unless it appears on the face of the complaint. (*Everett* v. *California Teachers Assn.,* 208 Cal. App.2d 291 [25 Cal.Rptr. 120]; *Reid* v. *Thomas,* 99 Cal.App. 719 [279 P. 226]; 2 Chadbourn, Grossman, Van Alstyne,

California Pleading, § 1594, p. 610; Note 19 A.L.R.3d 1361, 1365.) ▮▮▮ Appellants' answers in the case at bench plead no facts purporting to raise the issue of the privilege relied upon by them on this appeal.

The evidence produced in the trial court is equally barren of facts supporting the privilege created by the rule of *New York Times Co.* v. *Sullivan.* ". . . [A] conclusion that the New York Times malice standards apply could not be reached' merely because a statement defamatory of some person in government employ catches the public's interest; that conclusion would virtually disregard society's interest in protecting reputation. The employee's position must be one which would invite public scrutiny and discussion of the person holding it, entirely apart from the scrutiny and discussion occasioned by the particular charges in controversy." *(Rosenblatt* v. *Baer,* 383 U.S. 75, 86, fn. 13 [15 L.Ed.2d 597, 606, 86 S.Ct. 669], see also Note 19 A.L.R.3d 1361.) Although respondent is described several times in the record as the former recreation director of the City of Bell Gardens, nowhere is there evidence describing the functions, duties, or relationship with the public of that job. Appellants' counsel offered no such evidence with respect to the affirmative defense asserted on this appeal and concerning which the burden of proof was on appellants. To the contrary he successfully objected to evidence offered by respondent pertaining to the public reaction to her conduct. The record thus is barren of testimony from which the inferences necessary to the factual predicate to the *New York Times* privilege may be drawn. Appellants, having elected not to plead the affirmative defense made available by the *New York Times* privilege and having elected not to introduce evidence of facts showing that they were protected by that privilege, cannot at this late date rely upon the proposition that under circumstances not disclosed in the record the privilege might have been available.

▮▮▮ While the point is raised only inferentially in appellants' brief, we have considered the impact of Civil Code section 47, subdivision 3, upon the case at bench. That section in dealing with defamatory publications states: "A privileged publication or broadcast is one made— . . . 3. In a communication, without malice, to a person interested therein, (1) by one who is also interested, . . ." We conclude that the privilege provided in subdivision 3 of section 47 is not applicable to the case at bench. The first bar to the privilege is that its existence neither appears on the face of the complaint nor

from any allegations in the answers filed by appellants. The second bar lies in the failure of the evidence to support the inference that the persons to whom appellants published the defamatory statements were persons interested in the communications. The record discloses only that the appellants, in seeking the recall of a member of the City Council of Bell Gardens, sought to obtain signatures upon the recall petition by falsely accusing a former city employee of serious misconduct and asserting that the subject of the attempted recall had taken the side of that employee. The accusations were made to persons sought out by appellants and were unsolicited. They did not relate directly to the conduct of a public officer or employee or of a candidate for public office. (Cf. *Kramer* v. *Ferguson,* 230 Cal.App.2d 237 [41 Cal.Rptr. 61]; *Noonan* v. *Rousselot,* 239 Cal.App.2d 447 [48 Cal.Rptr. 817].)

It is of course possible for the situation to arise in which members of the public have such an interest in the conduct of a former government employee as to subject unsolicited accusations against him to the operation of subdivision 3 of Civil Code section 47. We do not hold to the contrary. We do hold that in the case at bench appellants, having elected not to plead the privilege provided in that subsection and having failed to produce evidence which would make it operable, cannot rely upon it.

### Refused Jury Instructions.

■■■ Appellants claim the trial court committed prejudicial error by refusing three jury instructions offered by appellants. Those instructions were submitted after argument and sought to place before the jury the defense of privilege enunciated in *New York Times Co.* v. *Sullivan, supra,* 376 U.S. 254. The trial judge refused them as having been submitted too late in the proceedings. We sustain the action of the trial court. In so doing, we have not limited our consideration to the reason assigned by the trial judge for refusing the instructions but, as required by law, we have analyzed the broader question of the propriety of the proposed instructions. (*McStay* v. *Citizens Nat. Trust & Sav. Bank,* 5 Cal.App. 2d 595, 603 [43 P.2d 560].) There is a fundamental basis upon which the submitted instructions could not properly have been given. ■■■ A party is entitled only to have his theory of the case submitted to the jury "in accordance with the pleadings and proof." (*Sills* v. *Los Angeles Transit Lines,* 40 Cal.2d 630, 633 [255 P.2d 795]; *Bowdoin* v. *Southern Pac. Co.,* 178 Cal. 634 [174 P. 664].) ■■■ In the case

at bench, the pleadings did not raise the issue of the *New York Times* privilege and the proof presented to the trial court did not establish the facts necessary to its existence.

The record before us also fails to establish that the instructions in question were submitted as required by Code of Civil Procedure, section 607a. That section provides that it is the duty of counsel to submit proposed instructions concerning the law as disclosed by the pleadings before the first witness is sworn but permits a request before argument for further instructions on questions of law developed by the evidence but not disclosed in the pleadings. The section also permits counsel to request further instructions on issues raised during argument not covered by previous submitted instructions given or refused. Appellants relied on the latter provision of section 607a in the trial court. The record, however, fails to disclose that the issue on which the instructions were sought by appellants was raised in argument since the arguments of counsel were not reported. We cannot presume error on the part of the trial court and thus must conclude that the ruling of the trial judge was proper for the reason given by him.[5]

### Objections to Evidence

█ Respondent's counsel queried respondent with respect to any conflicts she might have had with appellant Tautfest prior to the defamatory statements. Appellants' counsel interposed the objection: "This too, is beyond the scope of the pleadings of the complaint." That objection was properly overruled. The complaint alleged malice although in general terms. "Malice" (in the California law and not federal constitutional law sense) is established by evidence from which hatred or ill will can be inferred. (See 2 Witkin, Summary of Cal. Law (1960) Torts, § 120, p. 1293, and cases there cited.) The evidence to which appellants unsuccessfully objected was of such a character.

█ Respondent's counsel, in cross-examining appellant Tautfest, asked in effect whether the witness had inquired into the possible motive of two youths to injure respondent prior to suggesting that they testify at a meeting of the City Council of Bell Gardens. Appellants' counsel then stated: "I object to this, as to what a person may or may not say in a public meeting at a City Council is not incumbent upon a

---

[5]In argument on a motion for new trial appellants' counsel stated: "Yes, it is true they [the jury instructions] were requested rather late . . ." He made no reference to their being timely because of an issue raised in argument.

City Councilman to inquire as to what a person's motive might be." On appeal, appellants contend that the failure of the trial court to rule on this "objection" was prejudicial error. That contention must be rejected since it ignores the fact that the trial judge did not permit the question to which the "objection" was interposed to be answered.

Appellants assert prejudicial error in a ruling of the trial judge sustaining an objection to a question asked of a witness for appellants called in surrebuttal. The question inquired into a conversation between the witness and Mrs. Reader who had previously testified. In a preceding question, the witness stated that Mrs. Reader had told him after she had testified that she was glad that neither attorney asked her about the party which took place at Mrs. Peoples' house (the incident to which the defamatory statements here at issue relate). Appellants' counsel then asked: "Did she say why she was glad?" Respondent's objection to that question was sustained. We conclude that the ruling of the trial judge was correct. Appellants in their prior questions to the witness had already elicited the information that Mrs. Reader was glad she had not been asked about the party. If the purpose of the questioning was to discredit Mrs. Reader, appellants had made their point. The only conceivable purpose of the follow-up question to which the objection was sustained was to secure a hearsay answer concerning Mrs. Reader's alleged recollection of what had happened at the party. We note also that the trial judge, before making his ruling, invited appellants' counsel to establish a foundation that Mrs. Reader had been present at the party. Appellants' counsel did not do so.

## Conclusion

We conclude that appellants' contentions on this appeal are not well taken. The judgment and order denying appellants' motion for judgment notwithstanding the verdict are affirmed.

Fourt, Acting P. J., and Lillie, J., concurred.